Donald Elliot MATTHEWS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17202.

United States Court of Appeals Ninth Circuit.

May 10, 1961.

---

Claude V. Worrell, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, Russell R. Hermann, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

Appellant was indicted on three counts of a seven-count indictment for violating Title 21 U.S.C.A. § 176a. Counts one through four were against co-defendants Garcia and Marron for violations alleged to have been committed on September 4, 1959 and September 22, 1959, relating to the sale of marihuana and the concealment and transportation of marihuana.

Count five was against the appellant and the co-defendants above named, charging the sale of marihuana on October 16, 1959. Count six was against appellant and the two co-defendants above named and alleged the illegal concealment and transportation of the same marihuana referred to in count five, and on the same date.

Count seven was against appellant and the co-defendants above named, and alleged a conspiracy to sell, transport and conceal marihuana beginning on September 4, 1959 and continuing to October 16, 1959. Three overt acts of conspiracy are listed and enumerated. Appellant is listed in the third enumeration, which charges all three with participation in the sale of marihuana on October 16, 1959.

Appellant pleaded not guilty to all three counts. He was represented by counsel of his own choosing, and waived in writing his right to trial by jury, and the trial was conducted before the court. The court found the appellant guilty on all three counts. Appellant was sentenced to imprisonment for five years on each count, with the sentences to run concurrently.

Initially, we note the complete failure on the part of counsel for the appellant to comply with the provisions of Rule 18, subd. 2(a), (b), (c) and (d), of the Rules of this Court, 28 U.S.C.A. Appellant's brief fails to contain: (1) a table of the cases alphabetically arranged with citations to the official reports with reference to the pages of the brief where they are cited as required by 18, subd. 2 (a); (2) a statement of the pleadings and facts disclosing the basis of the jurisdiction of the district court and this Court, as required by 18, subd. 2(b); (3) a concise abstract or statement of the case presenting succinctly the questions involved and the manner in which they are raised, as required by 18, subd. 2(c); and (4) the specifications of error relied upon as required by 18, subd. 2(d). We call attention to this remissness on the part of counsel in order to advise the members of the Bar of the importance of complying with the rules of this Court, and to warn them that laxity on their part in this respect may result in a dismissal of the appeal instead of a review on the merits.

On this appeal appellant's sole contention is that the evidence before the district court establishes entrapment of appellant as a matter of law.

The record discloses that on September 4, 1959 one Krebs, a violator of the narcotics law, and specially employed by appellee, who had been acquainted with appellant for several years, inquired of appellant if he knew someone from whom Krebs could purchase narcotics. Appellant referred Krebs to co-defendant Garcia. Krebs assured appellant that he would not become involved in any purchase of narcotics which Krebs might make. The evidence is in conflict as to whether appellant knew that Krebs was a special employee of appellee. On September 4, 1959 Krebs purchased marihuana from Garcia. On September 22, 1959 Krebs purchased marihuana from

co-defendants Garcia and Marron. Apparently there was no further contact between appellant and Krebs until October 16, 1959, on which date Krebs had arranged to purchase more marihuana from Garcia and Marron. On that date appellant showed up at the place where the sale was to be made, collected the purchase price from Krebs, and was present at the scene where the narcotics were found in a car at a location designated by Garcia.

At the trial appellant testified that he knew that Krebs was specially employed by the government on September 4, 1959, and that in furnishing to Krebs the name of Garcia appellant was simply assisting in the enforcement of the narcotics laws. He further testified that his participation in the transaction on October 16, 1959 was entirely innocent as he was not aware that marihuana was involved in that transaction.

The district judge noted that appellant's statement that he was assisting in the enforcement of the narcotics laws when he furnished Krebs with the name of Garcia on September 4, 1959 was inconsistent with appellant's testimony that his participation in the transaction of October 16, 1959 was without any knowledge on his part that narcotics were the subject of that transaction. The district court also noted that appellant's claimed defense of entrapment as a matter of law was inconsistent with his contention that he had committed no crime but had simply aided law enforcement officers in the detection of a crime.

The district judge was the sole judge of the credibility of witnesses. It is clear that he disbelieved the testimony of appellant, which he had a right to do under the circumstances of this case. Absent the testimony of the appellant there is no basis in the record for any claim of entrapment as a matter of fact or as a matter of law. The appellant relies primarily on Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848. In the Sherman case the paid informant made repeated efforts to induce Sherman, a friend and fellow addict, to sell him narcotics for both of them to use. Sherman finally yielded to these appeals. The facts in Sherman are entirely different from the facts in the instant case.

The judgment is affirmed.