940

## PETERS v. UNITED STATES.

### No. 13111.

Circuit Court of Appeals, Eighth Circuit.

June 13, 1947.

For original opinion, see 160 F.2d 858.

John A. Burns and O. A. Blanchard, both of St. Paul, Minn., for Cloyce Henry Peters, appellant.

William P. Murphy and James J. Giblin, Asst. U. S. Attys., and Victor E. Anderson, U. S. Atty., all of St. Paul, Minn., for appellee.

Before THOMAS, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

In the trial court and in his briefs and argument on appeal, appellant Peters asserted and sought to establish a right of immunity under the provisions of 50 U.S. C.A.Appendix, § 922(g), section 202(g) of the Emergency Price Control Act of 1942. His contentions under that statute having been decided adversely to him on their merits, both in the trial court and here, he now seeks in a petition for rehearing to shift his position and asks to have his immunity right examined and passed upon in relation to the provisions of 50 U.S.C.A. Appendix, § 633(4), section 301, of the Second War Powers Act, 1942.

His petition for rehearing says in effect that he was mistaken in ever having attempted to invoke the immunity provisions of the Emergency Price Control Act and that he should have relied upon the immunity provisions of the Second War Powers Act. This is so, he says, because the powers of the Office of Price Administration, in the rationing of tires, were derived from the Second War Powers Act and not from the Emergency Price Control Act.

■ ▉ Even though this contention be correct, appellant is not entitled as a matter of right, at the stage which now has been reached, to have the case remanded and reopened and the issue of immunity retried in relation to a different statute than that on which he chose to predicate his rights in the trial proceedings and again on the hearing and submission of his appeal. He has had a trial on every issue and theory that he and his skilled counsel elected to present at the time. He has had a review of all the rulings made by the trial court upon his contentions.

Beyond this, in considering whether our discretionary power should be exercised in the situation, there is the circumstance that the evidence is utterly conclusive of appellant's guilt. He was the hub of the conspiracy, and the other defendants were

largely spokes. Without his conviction, one may well doubt whether the jury would have held the other defendants. All the convictions were reviewed and affirmed together. The other defendants have since entered upon the service of their sentences. Now, after this has transpired, appellant seeks to shift his position through the filing of this petition for rehearing.

But notwithstanding all these considerations, we should be inclined to permit appellant's case to be reopened, if we believed that he had an absolute right of immunity under the provisions of the Second War Powers Act. He is not able here, however, to demonstrate any such right. Immunity could in no event exist, unless the District Court should find certain facts in his favor, which it was unnecessary to pass upon in denying his contentions under the provisions of the Emergency Price Control Act.

Thus, the Court would have to find, on the basis of his credibility and the other circumstances of the situation, that appellant had in fact made the statement to the Government's investigator that his attorney had told him not to waive any rights. Again, if it were found that the statement was made, the Court would have to determine whether it was intended as a claim of privilege against self-incrimination or whether it was simply part of the chatter and discourse in which appellant seems so volubly and willingly to have engaged with the Government's investigator. He told the investigator many things without being under subpoena compulsion. He produced numerous books and papers, as to which similarly he was not under subpoena compulsion. Thus, he was not under any subpoena as to the records of his boot and reliner business or as to the papers involved in his loan dealings with two defendant OPA officials. There was far more incrimination in the things he volunteered than could possibly be involved in the production of the two cancelled checks of his used-tire business issued in payment of recapping work (which checks are all that are involved here in relation to his claim of immunity).

And in what appellant said and did in the investigation, no one would presume to assert that he was a mere babe in the woods. He admitted that he was an old hand at buying public officers. From the record, his attitude in the investigation was one of smugness and callousness, and he seemed to take the view that, if any one should be criticized, it was one of the two OPA officials (whom he regarded as having imposed upon him too much for favors), and that there was no reason for him to have any fear in the situation or to hesitate to talk.

The statements and actions in the investigation tend to create the impression that appellant was not attempting to claim the privilege against self-incrimination, and that, if he stated that his attorney had said not to waive any rights, he did so merely as part of a relation of a conversation generally and not as an intended assertion on his part of a claim of privilege under any statute. These questions, of course, would be matters for the District Court on a retrial, and we are not presuming to usurp that Court's functions. We are simply indicating for purposes of the petition for rehearing that appellant is not able to demonstrate any absolute right of immunity, or even such a probable right, as would seem to call upon us in the interest of justice to remand the case and grant him a new trial.

On these grounds, as well as those previously set forth in our opinion and the concurring opinion, a majority of the Court feels that appellant is not entitled to have the case remanded and retried.

The petition for rehearing is accordingly denied.