## UNITED STATES
### v.
### Guiseppe William DE BLASIS, alias Joseph DeBliss, and alias John Franklin, DeBlasis.
### Cr. No. 24497.

United States District Court
D. Maryland.
Oct. 14, 1959.

R. DORSEY WATKINS, District Judge.

A petition has been filed by petitioner alleging that he was "tried" before the undersigned on December 12, 1958 and "Was Recommend for Probation Report"; that on March 6, 1959, he was sentenced to three months and that on July 13, 1959 he was sentenced to five years, at which time he was not present in court, "so, therefore the sentence imposed on July 13, 1959 was, and is illegal, being the second sentence for same offense." He requests "copy of the Mentes [sic] of his trial corving [sic] period from Dec. 12, 1958, March, 6, 1959 And of July, 13, 1959."

As shown by the Clerk's file and the court's record, the Grand Jury for the District of Maryland on August 5, 1958, returned a three-count indictment against petitioner, in which he was charged with two violations of United States Code, Title 18, § 2312, and one violation of Title 18, § 2313. Petitioner was arrested, released on bail, and was arraigned on September 12, 1958, at which time through his privately retained counsel he entered pleas of not guilty on all three counts. On December 12, 1958, at the request of his counsel he was re-arraigned, and after the court had satisfied itself that petitioner knew the nature of the charges against him, the possible penalties associated with the charges, and that petitioner's pleas were voluntary, the court accepted pleas of guilty on the counts of interstate transportation of two stolen motor vehicles knowing them to have been stolen, and not guilty as to the count for receiving another stolen motor vehicle having been transported in interstate commerce and knowing the same to have been stolen. The defendant was not "Recommend for Probation Report"; instead, the court stated its desire for a presentence investigation and report. So that petitioner could remain at large without securing a new bond, petitioner was allowed to withdraw his pleas. On March 6, 1959, after receipt of the presentence report, study thereof by the court and petitioner's counsel, petitioner was again arraigned and again pleaded guilty to the two transportation counts and not guilty as to the receiving count. A nolle prosequi was entered on the receiving

count. Petitioner was thereupon committed to the custody of the Attorney General under United States Code, Title 18, § 4208(b) for study. By virtue of the provisions of § 4208(b) such commitment "shall be deemed to be for the maximum sentence of imprisonment prescribed by law" which in this case was 10 years.

On July 13, 1959, after receipt of the Recommendations and Report of the Director of Bureau of Prisons under Title 18, § 4208(c), study thereof by the court and petitioner's counsel, and conference between court and counsel, petitioner was "committed to the custody of the Attorney General or his authorized representative for a period of Five (5) Years, pursuant to U.S.C., Title 18, § 4208(a)(2), said term of imprisonment to be computed as beginning the 6th day of March, 1959; Defendant to become eligible for parole at such time as the Board of Parole may determine."

By letter dated September 13, 1959, and received September 15, 1959, petitioner requested the court "to please review my sentence to see if you can possibly cut my time," and stating that he "would not ask for a reduction of time if I thought I had a chance of making parole." The court replied on September 15, 1959, pointing out that the letter had been mailed more than 60 days after the commitment; that the court had no authority to reduce the sentence, and even if it had authority, would not do so. The court pointed out that under the commitment the time petitioner would have to serve was dependent upon his ability to convince the parole authorities that he was able to function satisfactorily as a member of society.

From this record, it is clear that petitioner is in error in his contention that he was first sentenced to three months, and then given a second sentence of five years. His original commitment was "deemed to be" for ten years. This was reduced pursuant to the provisions of Title 18, § 4208, to five years, the term of imprisonment to run from March 6, 1959, the date of the original commitment, but with eligibility for parole at such time as the board of parole may determine. There is no requirement that a prisoner be present in court for a valid reduction of sentence.

There is accordingly no need, or justification, for furnishing copies of the "trial" minutes of December 12, 1958, March 6, 1959, and July 13, 1959.

Leave to proceed in forma pauperis granted. The petition is in all other respects denied.

The clerk is directed to send a copy of this order to the petitioner.