**UNITED STATES of America**

v.

**Kenneth Leroy BEHRENS.**

**No. TH 60–CR–26.**

United States District Court
S. D. Indiana,
Terre Haute Division.

Feb. 1, 1961.

———◆———

Don A. Tabbert, U. S. Atty., Indianapolis, Ind., for plaintiff.

Robert O. LaFuze, Indianapolis, Ind., court-appointed atty., for defendant.

STECKLER, Chief Judge.

This cause came before the court upon the "Motion for Transmittal of Record in Forma Pauperis" filed by the defendant herein. Defendant, under this cause number, designates himself in the motion as "Petitioner," and designates the United States of America as "Respondents." The motion was filed January 17, 1961.

After reciting that he is a citizen of the United States and without sufficient funds with which to pre-pay the costs of this action or for its preparation for further proceedings, defendant asks that the Clerk of the Court be ordered to prepare and transmit to the petitioner without cost, (1) "Transcript of Trial, No. TH 60–CR–26," and (2) "All Warrants Issued."

A judgment of commitment was entered in this cause on December 20, 1960, the defendant having been found guilty by jury of the offense of having willfully and with malice aforethought assaulted Donald Byron Skaggs, with intent to murder the said Donald Byron Skaggs, by stabbing him with a metal knife on lands reserved and acquired for use of the United States as a site for a penal institution, in violation of Title 18 U.S.C. § 113(a). The defendant, on said 20th day of December, 1960, was committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of 20 years and for a study described in Title 18 U.S.C. § 4208(c), the results of such study to be furnished the court within three months, whereupon the sentence of imprisonment shall be subject to modification in accordance with Title 18 U.S.C. § 4208(b).

Thus, according to Rule 37(a) (2), Federal Rules of Criminal Procedure, 18 U.S.C., the time for appeal from the entry of the judgment of December 20, 1960, expired on December 30, 1960. Defendant's "Motion for Transmittal of Record in Forma Pauperis" which was filed on January 17, 1961, was filed after the time for appeal had expired, and accordingly, there is no judicial proceedings pending before this court in this cause of action with respect to which this court may order payment of the costs of a transcript under 28 U.S.C. § 1915, and the Court Reporter Act, 28 U.S.C. § 753.

Lest it should be asserted that the time for appeal runs from the date of the modification of the original judgment in this cause, attention is called to the provisions of Title 18 U.S.C. § 4208(a) which speaks initially of "judgment of conviction," and § 4208(b) which refers to "determining the sentence to be imposed" and provides that "the term of the sentence shall run from the date of the original commitment under this sec-

tion." It is thus indicated that this section is concerned with punishment and not with that part of the judgment which pronounces conviction; or, stated in other words, that part of the court's judgment of December 20, 1960 providing for the study and the report and making the sentence of imprisonment of 20 years subject to modification upon the receipt of the report of such study, does not stay the running of the time within which appeal must be taken, i. e., ten (10) days as provided by Rule 37, Federal Rules of Criminal Procedure. If any appeal was to have been taken, it had to be taken within (10) days of the judgment of conviction. An analogous case is one wherein the imposition of sentence is suspended and the defendant is placed on probation. The appeal nevertheless runs from the date of such judgment. Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497.

Since the court concludes there is now no proceedings pending before the court, the motion for the furnishing of the transcript and the warrants without costs as prayed by the defendant is hereby denied.