**UNITED STATES**

v.

**Guiseppe William DeBLASIS.**

Crim. No. 24497.

United States District Court
D. Maryland.

June 7, 1962.

---

Stephen H. Sachs, Asst. U. S. Atty., Baltimore, Md., for the United States.

James B. Murphy, Baltimore, Md., for defendant.

R. DORSEY WATKINS, District Judge.

Petitioner has filed an application captioned "Vacate Sentence Writ of Habeas Corpus Title 28 U.S.C.A. 2255." Petitioner correctly asserts that on March 6, 1959 he was sentenced under U.S.C., Title 18, Section 4208(b) and that on July 13, 1959 he was committed to the custody of the Attorney General (for a period of five years, "pursuant to U.S.C., Title 18, Section 4208(a) (2), said term of imprisonment to be computed as beginning the 6th day of March 1959; Defendant to become eligible for parole at such time as the Board of Parole may determine") without having been recalled to court. He claims such sentence has been declared illegal by the United States Supreme Court in Grabina v. United States, 82 S.Ct. 880.

Petitioner has previously raised the same question, without of course reliance upon the Grabina case. Although the facts, and the court's ruling adverse to the contention of Petitioner, are set forth in this judge's opinion in United States v. DeBlasis, D.Md.1959, 177 F. Supp. 484, a brief résumé may prove helpful. On August 5, 1958, Petitioner was indicted for two violations of 18 U.S.C. § 2312, and one of 18 U.S.C. § 2313. He was arrested, released on bail, and arraigned on September 12, 1958, at which time through his privately retained attorney he entered pleas of not guilty on all three counts. On December 12, 1958, at the request of his counsel, he was re-arraigned, and

after the court had satisfied itself by interrogation of petitioner that he knew the nature of the charges against him, the possible penalties that could be imposed if the pleas were accepted, his rights to plead not guilty and to a jury trial, and that the pleas were voluntary, without promises, threats or inducements, the court accepted pleas of guilty on counts 1 and 2 and not guilty on count 3. The court then stated its desire for a presentence investigation and report. In order that petitioner could remain at large without securing a new bond, the court permitted him to withdraw his pleas. On March 6, 1959, after receipt of the presentence report, and study thereof by the court and petitioner's counsel, petitioner was again arraigned and again pleaded guilty to the two transportation counts and not guilty to the receiving count. A nolle prosequi was entered on the receiving count. The court thereupon heard from petitioner's attorney, and from petitioner, who was given and accepted full opportunity to be heard on his own behalf before the imposition of sentence. The court thereupon imposed sentence and committed petitioner to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4208(b), under which the commitment was "deemed to be for the maximum sentence of imprisonment prescribed by law", namely, ten years.

On July 13, 1959, after receipt of the Recommendations and Report of the Director of Bureau of Prisons under 18 U.S.C. § 4208(c), study thereof by the court and petitioner's counsel, and conference between court and counsel, petitioner was "committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) years, pursuant to U.S.C., Title 18, § 4208(a) (2), said term of imprisonment to be computed as beginning the sixth day of March, 1959; Defendant to become eligible for parole at such time as the Board of Parole may determine."

By letter dated September 13, 1959, and received September 15, 1959, petitioner requested the court "to please review my sentence to see if you can possibly cut my time," and stated that he "would not ask a reduction of time if I thought I had a chance of making parole." The court replied on September 15, 1959, pointing out that petitioner's letter had been mailed more than sixty days after the commitment; that the court had no authority to reduce the sentence, and even if it had authority, would not do so. (Petitioner was an habitual offender, then aged thirty-four, having been involved in various offenses since the age of seventeen, and having been confined during most of his adult life.)

The court concluded that as petitioner's original commitment, "deemed to be" for ten years, had been reduced to five years (with eligibility for parole at such time as the Board of Parole may determine, instead of only after the service of one-third of his sentence) there was no legal requirement that petitioner be present in court for a valid reduction of sentence. The sole question therefore is whether the Grabina decision requires a reversal of this conclusion.

The per curiam decision in Grabina is not too enlightening upon this question. It reads:

"In [the] light of the concession by the Solicitor General and upon an examination of the entire record, the motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment is vacated and the case is remanded to the District Court for resentencing."

From the memorandum submitted by the Solicitor General it would appear that the only relevant question was No. 5:

"Whether the sentencing procedure was proper."

On this question, the memorandum of the Solicitor General states:

"5. In his petition for rehearing before the court of appeals, petitioner raised for the first time the con-

tention that the trial judge failed to accord him the right of 'allocution' in accordance with Rule 32(a), F.R.Crim.P. [18 U.S.C.] Errors raised for the first time in a petition for rehearing are not ordinarily recognized in the court of appeals (United States v. Gordon, 253 F.2d 177, 184 (C.A.7); Peters v. United States, 161 F.2d 940 (C.A.8), certiorari denied, 334 U.S. 860 [68 S.Ct. 1525, 92 L.Ed. 1780]; Nailling v. United States, 142 F.2d 551 (C.A. 6), certiorari denied, 316 U.S. 675), and the refusal of the court of appeals to consider the claim usually forecloses entertainment of the issue in this court (see Jones v. United States, 362 U.S. [257] 272 [80 S.Ct. 725, 4 L.Ed.2d 697]; Lawn v. United States, 355 U.S. 339, 362, n. 16 [78 S.Ct. 311, 2 L.Ed.2d 321]).

"In the present case, however, the record (R. 156–159, 160–161, 163–164) discloses fundamental error—sentence was imposed in the absence of petitioner, in violation of Rule 43, F.R.Crim.P. The trial judge obviously believed that he was deferring sentence to await reports under 18 U.S.C. 4208(b), rather than imposing a sentence which later would be subject to reduction. But the fact is that, although no sentence was imposed in open court (R. 156–159), sentence was imposed by the judgment and commitment (R. 160), in the absence of petitioner.[4] Under

"4. We are informed that there were no sessions in open court for the adjournment on October 10, 1960, and that petitioner was not present when the sentence was reduced on November 9, 1960, (see R. 163–164; see also R. 4).

these circumstances, we believe that there are basic infirmities in the sentence (see Pollard v. United States, 352 U.S. 354, 356 [77 S.Ct. 481, 1 L.Ed.2d 393]) and we submit that the case should be returned to the district court for resentencing in compliance with Rule 43, as well as Rule 32(a), F.R.Crim.P.

"CONCLUSION

"For the foregoing reasons, it is respectfully suggested that the writ of certiorari should be granted only as to the question of the propriety of petitioner's sentence and that in this respect the judgment of the court below should be reversed and the case remanded to the district court for sentencing in compliance with Rules 43 and 32(a), F.R.Crim. P."

The record seems adequately to support the memorandum of the Solicitor General that Grabina was not accorded the right of allocution; that the District Court did not intend to impose any sentence until after the report of the "Director of Prisons" had been received, and that when the District Court did for the first time seek to impose any sentence, Grabina was not present.

The record shows that when the jury verdict was received, Grabina's attorney inquired: "What date for sentence, your Honor?" (Transcript, page 156a), to which the Court replied:

"The Court: The Court will invoke Section 4208(b), which commits this defendant to the custody of the Attorney General for a report by the Superintendent of the Bureau of Prisons, Director of Prisons, not Superintendent, and Mr. Bennett and his staff will make in accordance with that statute an investigation, including such psychiatric and psychological studies as may be necessary, and will report to the Court as provided in that statute within 90 days.

"I think, therefore, we should put the sentence down tentatively for 90 days from now, and if the report of the Bureau of Prisons is available at an earlier period, then it will be advanced and counsel will be advised and we will have the sentence earlier.

"Mr. Hyde: [Assistant United States Attorney] I think that statute provides in the interim the Court

must impose the maximum sentence and that can be revised at a later date.

"The Court: The trouble with that is that under the rule a court may only reduce the sentence within 60 days.

"Mr. Hyde: But I think that section specifically provides for an extension of time if the defendant is sentenced under that section. A number of judges in this court have followed that procedure.

"The Court: We had a sentencing seminar this Saturday and I made a great many notes on the use of these sections, and my desk book, so-called, is upstairs.

"I did not think I would have occasion to use it as prompt as this.

"Mr. Hyde: It is just my impression that the statute specifically provided for the maximum.

"The Court: Is there any objection to this procedure? It means the defendant may be incarcerated for a period of 90 days.

"Mr. Solomon: [Attorney for defendant] I have asked for this procedure, your Honor.

"The Court: The Court and certainly the Board of Parole will take into consideration the fact of this incarceration.

"Mr. Solomon: I understand that. I would like to call your attention to the following fact. You are assigned to sit from August 1st to August 6th and from August 8th to August 13th. So I am going to ask your Honor whether you will set a specific date, say, August 11th.

&ast; &ast; &ast; &ast; &ast; &ast;

"Mr. Solomon: Then set it for any day during the week of August 8th, &ast; &ast; &ast; I am going to ask your Honor to put it down for August 10th or 11th.

"The Court: Does that suit your convenience, Mr. Hyde?

"Mr. Hyde: I think so.

"The Court: Bail revoked and the defendant remanded pending sentence.

"Mr. Solomon: August 10th?

"The Court: August 10th.

"Mr. Solomon: To be advanced if your Honor should get a report sooner." (Transcript, pages 157a to 159a).

The case at bar is materially different from Grabina.

1. DeBlasis is proceeding under Title 28, Section 2255, under which denial of the right of allocution cannot be raised. Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 511, 7 L.Ed.2d 473; Hill v. United States, 1962, 368 U.S. 424, 82 S.Ct. 468, 470, 7 L.Ed. 2d 417. Moreover, DeBlasis was accorded, and accepted, his full right of allocution.

2. This judge, in committing petitioner under 18 U.S.C. § 4208(b) on March 6, 1959 "obviously believed", and in fact believed, that he was imposing a sentence of ten years, but that upon receiving the report and recommendations of the Director of the Bureau of Prisons the court might, in its discretion, place petitioner on probation; or "affirm the *sentence* of imprisonment *originally imposed,* or *reduce the sentence* of imprissonment, and commit the [petitioner] under any applicable provision of law. &ast; &ast; &ast;" (18 U.S.C. § 4208(b) (2); emphasis supplied.) The court elected to "reduce the sentence of imprisonment originally imposed" from ten years to five years, and to make petitioner eligible for parole at *such time* (not necessarily only after one-third of the five year sentence) as the Board of Parole may determine. The presence of petitioner at such valid reduction of the sentence originally imposed was not required.

The petition is therefore denied.

The clerk is directed to send a copy of this Memorandum and Order to petitioner.