Kenneth Leroy BEHRENS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13756.

United States Court of Appeals Seventh Circuit.

Dec. 26, 1962.

---

**224**

Knoch, Circuit Judge, dissented.

Aribert L. Young, Indianapolis, Ind., for appellant.

Richard P. Stein, U. S. Atty., David W. Mernitz, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Kenneth Leroy Behrens, the petitioner-appellant, was found guilty by a jury of assault with intent to murder in violation of 18 U.S.C.A. § 113(a). Judgment was entered on the verdict and the petitioner

was committed to the custody of the Attorney General pursuant to 18 U.S.C.A. § 4208(b).[1] The Bureau of Prisons was granted a 30 day and a 60 day extension of the three month period for study of the petitioner in order to complete a psychiatric examination. On June 13, 1961, after having received and considered the Bureau's report on its study of the petitioner, the District Court entered an order modifying the previous judgment and providing "that the period of imprisonment heretofore imposed be reduced to Five (5) years".

Thereafter, the petitioner filed a motion to vacate sentence. Jurisdiction was predicated on 28 U.S.C.A. § 2255. The District Court denied the motion and petitioner appealed.

Petitioner's main contentions on appeal are that the District Court's denial of his oral motion for a mental examination constituted a denial of due process and that the absence of petitioner and his counsel at the time the court modified petitioner's commitment makes the reduced sentence subject to collateral attack for want of due process in its imposition.

We find no error in the District Court's rejection of the denial of the petitioner's motion for a mental examination as affording a basis for relief under § 2255. It was an oral motion made at the commencement of the trial and after the jury had been sworn, but out of its presence. 18 U.S.C.A. § 4244 contemplates that a motion on behalf of an accused for a judicial determination of mental competency to stand trial shall set forth the ground for belief that such mental capacity is lacking. The oral motion failed to do this, and although the trial court did entertain the motion and consider it on its merits, no showing was made which required that a

---

1. The judgment and commitment order provided, inter alia, that:

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Twenty (20) years, and for a study as

described in Title 18 U.S.C. 4208(c), the results of such study to be furnished the Court within Three (3) months, whereupon the sentence of imprisonment shall be subject to modification in accordance with Title 18 U.S.C. 4208(b)."

mental examination be ordered. Moreover, petitioner's trial court counsel stated that petitioner was, in his opinion, fully able to understand. the charges against him and assist in his defense. The only showing adduced to support the motion was defense counsel's statement that petitioner's medical record revealed that he had once cut himself and "[A]ny cutting of one's self is fairly serious". Under the circumstances here presented it was not error or a deprival of due process to deny the motion for a mental examination. Cf. Krupnick v. United States, 8 Cir., 264 F.2d 213, 216.

Although 18 U.S.C.A. § 4208(b) authorizes a commitment of a convicted defendant for a study to serve as an aid in determining the sentence to be imposed there is no final determination of the actual sentence until affirmative action is taken after the reports and recommendations resulting from the study have been received. In this respect § 4208(b) provides:

> "If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provi-

sion of law. The term of the sentence shall run from date of original commitment under this section".

And the report to be made pursuant to § 4208(c) relates to the following data:

> "[T]he prisoner's previous delinquency or criminal experience, pertinent circumstances of his social background, his capabilities, his mental and physical health, and such other factors as may be considered pertinent".

If probation is not granted, either an affirmance of the maximum sentence of imprisonment prescribed by law for the offense (which maximum sentence the statute deems to have been imposed) or a reduction of that sentence, is required. That the term of the sentence as then fixed by affirmance or reduction is to run from the date of the original commitment serves merely to assure the convicted defendant of credit for the period devoted to the study—the statute thus fixes the starting point of the sentence whenever it is utilized in determining punishment, but the duration of the sentence must await final determinative action of the court in affirming the maximum term or reducing it. Until such action occurs no definite and final sentence has been imposed.

In Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377, it was observed that the rule that in general, a judgment is final only when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined, applies in criminal as well as civil cases.

 In our opinion that rule is applicable here and fundamental requirements of due process made it essential that the petitioner be present at the time of such imposition of sentence, and that his right to have his counsel present be honored. Rule 43, Federal Rules of Criminal Procedure (18 U.S.C.A.) required the presence of the defendant. Rule 44 recognizes his right to be represented by his counsel "at every stage of the proceed-

ing" in harmony with the guarantee of the Sixth Amendment. A sentencing, even to probation, is admittedly invalid in the defendant's absence. Pollard v. United States, 352 U.S. 354, 360, 77 S.Ct. 481, 1 L.Ed.2d 393. The Solicitor General in a memorandum submitted in Grabina v. United States, 369 U.S. 426, 82 S.Ct. 880, 8 L.Ed.2d 7 conceded that absence of a defendant at the time of sentencing was "fundamental error" and under such circumstances "there are basic infirmities in the sentence".[2] Cf. Ellis v. Ellisor, 5 Cir., 239 F.2d 175; Wilfong v. Johnston, 9 Cir., 156 F.2d 507.

We have considered United States v. De Blasis, 177 F.Supp. 484 (D.Md.1959); United States v. De Blasis, 206 F.Supp. 38 (D.Md.1962) and United States v. Johnson, 207 F.Supp. 115 (E.D.N.Y. 1962) in each of which it is held that the presence of the defendant at the time of a reduction in the maximum term of imprisonment pursuant to § 4208(b) is not required. We have also considered the construction placed on § 4208(b) in Corey v. United States, 1 Cir., 307 F.2d 839 and United States v. Behrens, 190 F.Supp. 799 (S.D., Ind.1961).[3] But we are of the view that these cases rely too heavily on terminology employed in the statute which, in the context used, is at best ambiguous.

To regard the maximum term of imprisonment "deemed" to have been imposed by § 4208(b) as an actual sentencing of the defendant, even where, as here, the maximum term is expressly written into the judgment order, is, in our considered judgment directly contrary to the express intent and purpose of the section. The declared object and purpose of § 4208(b) is to enable the court to obtain such detailed information as may aid it in determining the actual sentence to be imposed. It is for this purpose that § 4208(b) authorizes and provides for a limited postponement of definitive action until the study is made and the reports and recommendations received. The action to be taken under § 4208(b) is unlike a reduction of sentence made under Rule 35, Federal Rules of Criminal Procedure. Rule 35 admits of a discretionary reduction of a sentence already definitively imposed and Rule 43 properly dispenses with the defendant's presence for such purpose. But, under § 4208(b) until the "affirmance" of the maximum term of imprisonment or its "reduction" no definitive sentence has been imposed—there is no sentence.

And, it is at the time when the actual definitive sentence which is to be served is imposed that the presence of the defendant and his right to advice of counsel is meaningful. It is only then that in many cases an intelligent decision as to appeal can be made. Probation or a light sentence may well be a determinative influence on whether an appeal is to be taken. Moreover, the right of allocution is more crucial when the court is about to pronounce the actual sentence the defendant is to serve—more so than when the court merely permits the statute to automatically prescribe the maximum imprisonment until the court can more intelligently appraise pertinent factors in the light of more detailed information and make the actual determination as to what the sentence shall be. We do not read Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, or Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, as placing beyond the purview of relief under 28 U.S.C.A. § 2255 a situation where absence of the defendant shows the defendant was affirmatively denied an opportunity to speak at the time his actual sentence was imposed. In Hill, where defendant and his counsel were present at the time

2. See excerpt from Solicitor General's memorandum submitted in Grabina quoted in United States v. DeBlasis, D.C., 206 F.Supp. 38, 39–40.

3. We have also noted the several different views as to whether an offender must be returned to the court for sentencing following a 4208(b) commitment existing among those who have had occasion to express themselves on the subject. Seminar & Institute on Disparity of Sentences, 30 F.R.D. 401, 439.

sentence was imposed, the Court was careful to point out (368 U.S. p. 429, 82 S.Ct. p. 471):

"It is to be noted that we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. * * * Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak. Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we therefore do not consider."

We therefore conclude that the District Court erred in denying petitioner's motion to vacate the sentence. But the underlying judgment of conviction is not affected by the infirmity of the sentencing procedure and, accordingly, we reverse and remand with directions that the judgment order of June 13, 1961, be vacated and that the District Court proceed to cause the petitioner to be returned before the bar of the court for further proceedings in the exercise of its jurisdiction under Section 4208(b), Title 18 U.S. Code, consistent with the views herein expressed.

Mr. Aribert L. Young of the Indianapolis bar has ably served the petitioner in this appeal as counsel by appointment of this Court. We express our appreciation of those services.

Reversed and remanded.

KNOCH, Circuit Judge (dissenting).

I agree with the majority of this Court in affirming the underlying judgment of conviction in this case. I am, however, unable to agree that the District Court erred in denying petitioner's motion to vacate the sentence.

It may well be the better practice in some instances to produce the defendant in court when the sentence previously imposed is to be modified in accordance with the provisions of Title 18, U.S.C. § 4208 (b). For example, where the Court is going to grant probation, personal instruction may be required properly to impress the defendant with the serious nature of probation and the grave consequences of violating its rules and provisions.

However, this question must be a matter for the Trial Judge's sound discretion in the light of the circumstances of a particular case. It is not an essential for due process.

In the matter before us, the defendant and his counsel were afforded the usual right of allocution at the time that the original sentence was imposed. That was defendant's opportunity to present all matters in mitigation. The fact that trial tactics might be better served by presenting, or repeating, these matters at a later time should not alter procedures. Neither should the fact that the Trial Judge may later modify the sentence originally imposed, after consideration of information to be acquired from another source. The procedure under Title 18, U.S.C., § 4208(b) is analogous to that under Rule 35, Federal Rules of Criminal Procedure. The sentence cannot be increased. It can only be left unmodified or reduced.

In the matter before us, the disposition of the case, made while the defendant was present in open court, left open only one question. That question was to be resolved through medical examination, over a period of time, by competent authorities who were to report their findings to the Court. There was no need to consult the defendant; there was no need for the defendant to be present in court. This was solely a matter for the Judge's consideration of the expert medical advice he was to receive.

Unnecessary transfer of prisoners multiplies opportunities for escape and has upon occasion created serious dangers not only to those charged with the care of the prisoner but to the public at large. Transfer away from the institution of confinement should be employed only when important rights of the prisoner demand it.

With the flood of correspondence which reaches judges from the penal institutions, at every conceivable provocation, it would appear that a defendant might communicate by mail if there were any particular matters to which he wished to invite the Trial Judge's attention in connection with the report which he knew was being prepared.

Unlike the majority, I find the Corey case persuasive. I am convinced that extension of the time for appeal is not contemplated by the statute.