**John DOLACK, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 2134.**

United States District Court
D. Hawaii.
May 21, 1963.

George L. Dyer, Jr., Anderson, Wrenn & Jenks, and C. Jepson Garland, Honolulu, Hawaii, for petitioner.

Herman T. F. Lum, U. S. Atty. for Dist. of Hawaii, by T. S. Goo, Asst. U. S. Atty., for respondent.

TAVARES, District Judge.

On January 12, 1962, petitioner, John Dolack, was convicted in this Court, upon his plea of guilty, of a violation of 18 United States Code § 1341.

On February 5, 1962, after a presentence report, this Court sentenced petitioner "to the custody of the Attorney General for imprisonment for the maximum period authorized by law, i. e., FIVE (5) YEARS, and for a study as described in 18 USC Section 4208(c), the results of such study to be furnished this

Court within three months, whereupon the sentence of imprisonment herein imposed shall be subject to modification in accordance with 18 USC Section 4208 (b)." At the time of such sentencing petitioner was represented by counsel appointed by the Court who, at the request of petitioner, made a lengthy allocution on his behalf just prior to the imposition of said sentence. At the conclusion of said allocution, petitioner informed the Court that he did not desire to make a statement personally.

On May 4, 1962, after having received and considered the report of the study described in 18 United States Code § 4208(c), this Court ordered that "the sentence of imprisonment heretofore imposed be affirmed, but modified in accordance with 18 USC Section 4208(b) to provide that the defendant shall become eligible for parole at such time as the board of parole may determine." Said Order was made without the presence of either petitioner or his counsel and without any allocution on behalf of petitioner. Petitioner is now incarcerated in the Medical Center for Federal Prisoners at Springfield, Missouri.

Petitioner has presented to this Court, with a request that he be permitted to proceed thereon in forma pauperis and that counsel be appointed to represent him, a motion under 28 United States Code § 2255,[1] to vacate his sentence herein on the grounds that he "was coerced, both by promises, and threats, by prosecuting authorities into pleading guilty to the charge placed against him" and that he is illegally imprisoned because he was not present[2] and his attorney was not present[3] and petitioner was not afforded an allocution[4] at the time of the Order of May 4, 1962.

There is doubt as to whether petitioner can raise the question as to a denial of his right to allocution by a motion under 28 United States Code § 2255.[5] However, for the purpose of this case, the Court will assume that he can do so. The Court has permitted him to proceed in forma pauperis.

The Court appointed counsel to represent petitioner on this motion and notified the United States Attorney of the motion. On March 14, 1963, proceedings on the motion were had in open Court at which time the Court denied a motion of counsel for petitioner for a continuance to permit petitioner to be present at a hearing on the motion and granted leave to counsel for petitioner and to counsel for the Government to file memoranda on the motion. Such memoranda have been filed.

■ The motion and the files and records of the case conclusively show that

1. 28 United States Code § 2255, provides as follows:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
"A motion for such relief may be made at any time. * * *"

2. Rules of Criminal Procedure, Rule 43, provides:
"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. * * *"

3. Rules of Criminal Procedure, Rule 44, provides:
"If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

4. Rules of Criminal Procedure, Rule 32(a), provides:
" * * * Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

5. Hill v. United States (1962), 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417.

petitioner is entitled to no relief. Therefore, no hearing will be had on the motion and his presence is not necessary to the decision of the matter.[6]

Counsel for the Government has requested that the decision on the motion as to the point of allocution be postponed until a decision by the Supreme Court in the case of Behrens v. United States (1962), 7th Cir., 312 F.2d 223, hereinafter mentioned, there being pending before the Supreme Court a Petition for a Writ of Certiorari in that case and until a decision by the Supreme Court in the case of Corey v. United States (1962), 1st Cir., 307 F.2d 839, as to which the Supreme Court has granted Certiorari. That case holds that the time for appeal starts to run upon the imposition of the maximum sentence under 18 United States Code § 4208(b). Petitioner has objected to such postponement.

The Court is of the view that the decision should not be postponed and said request is therefore denied.

■ As to the first ground claimed by petitioner, that he pled guilty to the charge against him because of promises and threats by the prosecuting authorities, such allegations are mere conclusions and are insufficient to warrant consideration.[7] Furthermore, prior to the Court's accepting his plea of guilty, in reply to questions by the Court, he stated that such plea was of his own free will and not because of any threats or inducements to him by anyone in the Government service.

As to the grounds claimed by petitioner, that he was not present, his attorney was not present and petitioner was not afforded an allocution at the time of the Order of May 4, 1962, 18 United States Code § 4208(b), provides as follows:

"If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

■■ This Court is of the opinion that the intent and purpose of Section 4208(b) are to permit the Court to impose the maximum sentence permitted by law and thereafter to reduce it if, after considering the report of the study described in Section 4208(c), it feels that it should be reduced, that the presence of the defendant is not necessary, and that he is not entitled to an allocution, at the affirmance or reduction of the sentence, nor is the presence of his counsel necessary at the affirmance or reduction of the sentence if the defendant is not present.

When Section 4208(b) was being considered by Congress, it was recommended in House Joint Resolution 425 that it read as follows:

"Upon the imposition of sentence the court may sentence in accordance with other existing provisions of law, or at its option, may impose

---

6. 28 United States Code § 2255.

7. United States v. Cope (1956), D.C., **Mo.,** 144 F.Supp. 799, 800.

a *tentative* sentence to imprisonment generally, which shall be deemed to be for the maximum term prescribed by law; * * *." (Emphasis added).[8]

The Director of the Administrative Office of the United States Courts stated before subcommittee No. 3 of the House Committee on the Judiciary in behalf of the Judicial Conference of the United States with reference to this section:

"The Judicial Conference feels that the sentencing judge before imposing *final sentence*, should be able to receive if he deems advisable a more complete study of the defendant than is available in the presentence investigation report. * * *" (Emphasis added).[9]

The subcommittee of the Senate Committee on the Judiciary stated:

"Your subcommittee also believes that, where indicated, the sentencing judge before imposing *final sentence* should be able to receive, if he deems it advisable, a more complete study of the defendant than is available in a probation officer's report. * * *" (Emphasis added).[9-A]

The Senate Committee on the Judiciary stated, in Senate Report No. 2013:

"This section would permit the court, in particularly complex cases, to commit the defendant to the Attorney General for a 3- to 6-month study. After the court had received a summary of the Attorney General's findings, it could impose *final sentence* under any applicable statute. * * *" (Emphasis added.)[10]

The Statement of the Managers on the Part of the House states:

"This section will also permit the court, in particularly complex cases,

to commit the defendant to the Attorney General for a 3- to 6-month period for study and observation. After the court receives a summary of the Attorney General's findings it may impose *final sentence* under any applicable statute. * * *" (Emphasis added).[11]

After speaking of a "final sentence," the Director of the Administrative Office of the United States Courts went on to state:

"This observation and diagnosis would be extremely helpful to the court in making disposition in certain types of cases; * * *. Facilities for such observation and study are in existence but authority is lacking for the court to *change a sentence* after 2 months. This may not afford time to complete such a study. The proposed amendment would make the opportunity more certain." (Emphasis added).[12]

After speaking of a "final sentence," the Report of the subcommittee of the Senate Committee on the Judiciary stated:

"Facilities for such studies are presently in existence, but authority is lacking to the judge *to reduce or change a sentence* after 2 months, which may not afford ample time to complete such study. * * *" (Emphasis added).[13]

After speaking of a "final sentence," the Senate Committee on the Judiciary stated:

"In effect this provision extends to a maximum period of 6 months in selected cases the court's power to modify the sentence, now restricted to 60 days under rule 35, Rules of Criminal Procedure * * *."[14]

---

8. U.S. Code Congressional and Administrative News, 1958, p. 3897. Also, the subcommittee of the Senate Committee on the Judiciary recommended the inclusion of the word "tentative" in the section. Id., p. 3902.

9. Id., p. 3898.

9-A. Id. p. 3902.

10. Id. p. 3892.

11. Id. p. 3905.

12. Id., p. 3898.

13. Id. p. 3902.

14. Id., p. 3892.

After speaking of a "final sentence," the Statement of the Managers on the Part of the House states:

"The net result of this provision is to extend to a maximum period of 6 months in selected cases the court's power to modify the sentence, now restricted to 60 days under rule 35, Federal Rules of Criminal Procedure * * *." [15]

As finally enacted, Section 4208(b) does not contain the word "tentative" referring to sentences thereunder.

■ In the opinion of this Court it is thus apparent that the use of the words, "final sentence," was not intended to mean that the sentence resulting after consideration by the Court of the report of the study would be the actual sentence. In the opinion of this Court it is thus further apparent that Congress intended that, for the purposes of Section 4208 (b), the maximum sentence under that section would be the actual sentence but that it would be subject to reduction as under Rule 35. Therefore, the underlined portion of the provision in Section 4208(b), "If the court desires more detailed information as a basis for *determining the sentence to be imposed,*" means that the court may obtain more detailed information to assist it in determining whether it will reduce the sentence. The intent and purpose of Rules of Criminal Procedure, Rule 43, which provides that the presence of the defendant is not necessary at a reduction of sentence under Rule 35, make it unnecessary that the defendant be present at the affirmance or reduction of his sentence under Section 4208(b) and do not entitle him to an allocution at such time.

With all due respect to the opinion of the majority of the Court in Behrens v. United States (1962), 7th Cir., 312 F.2d 223, this Court has been unable to convince itself that such opinion is correct. That case holds that the presence of the defendant and his attorney and the affording of an opportunity of allocution are required at the time of affirming or reducing the sentence under Section 4208 (b). Petitioner relies upon Grabina v. United States (1962), 369 U.S. 426, 82 S.Ct. 880, 8 L.Ed.2d 7, for the proposition that the presence of the defendant is required at an affirmance or reduction of sentence under Section 4208(b). That case is not in point for the reason that the trial judge did not impose a maximum sentence under that section. He postponed the imposition of sentence until he had received the report of a study described in 18 United States Code § 4208(c). [16]

As has been pointed out, supra, an allocution on behalf of petitioner in this case was given at the time of the imposition of the maximum sentence. It might be that, in some cases, and under certain circumstances, an allocution after the study has been made might be desirable or even called for, in which event the Court, or if the defendant should feel that an allocution would be desirable or called for, the defendant, could request one. It would not necessarily follow that such allocution would have to be oral with the defendant present. It could be in writing.

If there were anything to be added to the allocution already had in this case, petitioner in his moving papers should have so notified the Court and should have informed the Court as to what it would have contained. Petitioner has not alleged that anything would have been added to that allocution. The mere fact that a report had been furnished the Court would not indicate that an allocution would be required or even desirable.

For the foregoing reasons, the motion to vacate the sentence herein is denied.

The Court wishes to thank Mr. George L. Dyer, Jr., and Mr. C. Jepson Garland, who were appointed to represent petitioner on this motion, for their able efforts on his behalf.

15. Id., pp. 3905, 3906.

16. United States v. DeBlasis (1962), D.C., Md., 206 F.Supp. 38.