**Duran JONES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24102.**

United States Court of Appeals
Fifth Circuit.

June 29, 1967.

Duran Jones, Terre Haute, Ind., pro se.

R. Macey Taylor, Asst. U. S. Atty., Macon L. Weaver, U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

On March 16, 1964, on appellant's plea of guilty on a fifteen-count indictment under the Dyer Act, 18 U.S.C.A. §§ 371 and 2312, the court imposed a general sentence of seven years' imprisonment to run concurrently with a sentence then being served. In response to a question from the court at the time of sentencing, the defendant had answered that he was serving a five-year sentence and the court had explained to the defendant

> "Mr. Jones, so you will know what I am doing, I am going to impose a sentence on you that will mean that if you didn't have another case, I would be giving you about a two-year sentence.

> "On your plea of guilty, it is the judgment and sentence of the court that you be committed to the custody of the Attorney General for a period of seven years. This sentence to run concurrently with the sentence now being served in the Federal Prison System."

On the defendant's motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the court observed that the sentence "is not in the most desirable form and should preferably specify punishment as to each separate count and indicate whether the sentences shall be served consecutively or concurrently. Benson v. United States, 5 Cir. 1964, 332 F.2d 288." The court further stated, "An appropriate order reducing the sentence heretofore imposed upon defendant Duran Jones in this case will be entered." The court then entered a sentence on Count One of the indictment for imprisonment for a term of two years, "said sentence to run consecutively to the five-year sentence imposed by the United States District Court for the Northern District of Indiana on December 13, 1963, which sentence the defendant is now serving." The court also entered a sentence on the remaining fourteen counts for two years on each count, "said sentences to run concurrently with the sentence imposed in Count One."

The original seven-year sentence had not given the defendant credit for that part of his existing sentence which he had already served. The corrected sentence more accurately carries out the expressed intention of the court and amounts to a slight reduction of the original sentence.

■ This Court held in Brown v. United States, 5 Cir. 1966, 368 F.2d 841, that the decision in Benson v. United States, supra, need not be given retrospective effect. The original sentence in this case was imposed on March 16, 1964, about two months before the decision in Benson v. United States, supra. Nonetheless, we think it permissible for the district court, under the circumstances of this case, to correct the original sentence so that the defendant would have to serve no more than two years after the expiration of the five-year sentence he was then serving.

■ In correcting the sentence, the district court did not consider it necessary to afford the defendant another opportunity for allocution. Since the practical effect of the correction was a reduction of time to be served, the defendant was not then entitled to allocution. Compare Dolack v. United States, D.C.

Hawaii 1963, 217 F.Supp. 617, 621. See also, Hill v. United States, 1962, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417.

The judgment of the district court is Affirmed.