**UNITED STATES of America,**
**Appellee,**

v.

**Jackie C. COFFEY, Appellant.**

**No. 34–69.**

United States Court of Appeals
Tenth Circuit.

Sept. 4, 1969.

Allen F. Gerye, Topeka, Kan., for appellant.

Franklin R. Theis, Asst. U. S. Atty., Topeka, Kan. (Benjamin E. Franklin, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before MURRAH, PHILLIPS and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is a direct appeal from a conviction of violation of 18 U.S.C. § 2312, interstate transportation of a stolen vehicle. The appellant, Jackie C. Coffey, was taken into federal custody on June 25, 1968 on a complaint filed and warrant issued the previous day. He was taken before the United States Commissioner. On July 11, 1968 counsel for Coffey was appointed by the district court. At the same time Coffey, in open court, waived prosecution by indictment and pleaded guilty to the information as filed.

Coffey attacks the sentence authorized by 18 U.S.C. § 4208(b), wherein he was committed to the custody of the Attorney General for the maximum term for study as prescribed in § 4208(c). Although appointed counsel was present at the time the guilty plea was entered, Coffey contends he was not provided counsel when he appeared before the Commissioner after his arrest, and again upon his interrogation by the probation officer after conviction.

As a result of the study the court on December 5, 1968 modified the commitment for the maximum of five years as provided in 18 U.S.C. § 2313, to four years including time already served and directed that Coffey may become eligible for parole at such time as the Board of Parole may determine.

The sentence of December 5, 1968 was objected to by Coffey in a letter to the trial judge. The trial judge by order directed the letter be filed in the proceedings and considered as a notice of appeal from which this proceeding has been perfected.

In the federal courts authority once existed by statute for sentence review

as part of the appellate process. But revision of the authorizing statute without mention of the subject led courts subsequently to hold that they lack power to review the merits of a sentence.[1] Federal legislation has been introduced [2] which would allow appellate review of sentences in accord with American Bar Association proposals.[3]

■ In light of this reasoning, and because of the nature of the claims made, we proceeded to examine the issues raised.

■ Attached to appellee's brief and marked Exhibit III is an executed waiver of right to have counsel acknowledged by Coffey before the Commissioner. Neither the existence of the waiver nor its veracity is challenged. We have also held repeatedly that a voluntary plea of guilty waives prior non-jurisdictional infirmities.[4]

Finally Coffey raises the issue of his right to counsel during the interrogation by the probation officer who initiated the report or study prescribed in 18 U.S.C. § 4208(c). This issue is here presented for the first time.

Under the factual situation of this case, it would seem patently without merit to complain about a report which effected the reduction of a maximum sentence. However, Article 6 of the Constitution compels the presence of counsel in order to give the federal court jurisdiction over the accused in a federal criminal proceeding.[5] The Criminal Justice Act [6] provides for counsel at all stages of the criminal proceedings, including appeal. The proceedings referred to are of necessity proceedings in which the guilt or innocence of an accused is at stake. Prior to conviction it can fairly be said that counsel is required at virtually every stage of a felony proceeding.[7]

At the other end of the proceedings—after conviction—we have recently held that counsel is required at a parole revocation proceeding.[8] The new question here presented is somewhere in the spectrum between these poles.

After conviction the guilt or innocence of an accused is not at stake. Therefore the probation interview is not considered a proceeding at which guilt or innocence is determined but is a proceeding wherein the humane concern of the sentencing judge requires his consideration of circumstances not disclosed prior to conviction.

Modern concepts of individualizing punishment have made it important for sentencing judges to have all pertinent information before them. Fed.R.Crim.P. 32, providing for consideration of the reports referred to in 18 U.S.C. § 4208 (c), "(is a) manifestation of the his-

1. *But see* dissent, Smith v. United States, 273 F.2d 462, 468–469 (10th Cir. 1959), cert. denied, 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729 (1960).

2. *See* S. 1561 introduced March 13, 1969 to amend Chapter 235 of Title 18, U.S.C.

3. *See* § 1.2 Appellate Review of Sentences, Am.Bar Assn., Minimum Standards for Criminal Justice.

4. Gallegos v. Cox, 358 F.2d 703 (10th Cir.), cert. denied, 385 U.S. 869, 87 S.Ct. 138, 17 L.Ed.2d 97 (1966) ; Pearce v. Cox, 354 F.2d 884 (10th Cir.), cert. denied, Charlton v. Cox, 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d' 685 (1966) ; Silva v. Cox, 351 F.2d 61, (10th Cir.), cert. denied, 383 U.S. 919, 86 S.Ct. 915, 15 L.Ed. 2d 673 (1966).

5. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

6. 18 U.S.C. § 3006A et seq.

7. White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (preliminary hearing) ; Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (arraignment); Hudson v. North Carolina, 363 U.S. 697, 80 S.Ct. 1314, 4 L.Ed.2d 1500 (1960) (the middle of trial) ; Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) (when the investigation has begun to focus on a particular suspect).

8. Earnest v. Willingham, 406 F.2d 681 (10th Cir. 1969).

torical latitude allowed sentencing judges." Williams v. New York.[9]

The purpose of 18 U.S.C. § 4208 is to permit the court to set the maximum sentence permitted by law and thereafter to reduce it if the study indicates this is desirable. Presence of the defendant or his counsel is not required at the later affirmance or reduction of the sentence.[10]

*Williams*, supra, clearly distinguishes the difference in the stages prior to conviction and the procedures of sentencing, holding the interview and report do not violate the due process clause. The injustices sought to be remedied by presence of counsel in protecting an accused during proceedings affecting his guilt or innocence are not present at the time of the probationer's interview.

The foregoing directs us to the conclusion that the interview or study is for humane purposes beneficial to an accused and is not a critical stage requiring assistance of counsel.

Affirmed.

9. 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1948).

10. Dolack v. United States, 217 F.Supp. 617 (D.Hawaii 1963).