Daniel MIGDOL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17373.

United States Court of Appeals Ninth Circuit.

Dec. 30, 1961.

Robert J. Sullivan, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Richard A. Murphy, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and HAMLEY, Circuit Judges, and MURRAY, District Judge.

MURRAY, District Judge.

This is an appeal from an order of the United States District Court for the Southern District of California, Central Division, denying appellant's motion un-

der § 2255, Title 28 U.S.C., to vacate and set aside a sentence imposed in a criminal matter in said court after appellant had changed his plea from not guilty to guilty of said offense. The grounds of the motion were:

1. That the Court lacked jurisdiction to impose said sentence.

2. That appellant was coerced, intimidated, misled and not advised of his full rights at the time he changed his plea from not guilty to guilty, and

3. That the sentence imposed is so ambiguous and harsh that it unduly interferes with appellant's parole rights.

The record shows that on November 13, 1958, the appellant failed to appear for sentencing after having been convicted of counterfeiting and conspiracy to counterfeit on his plea of guilty in Cause No. 26788–CD. A bench warrant was issued and appellant's bond was ordered forfeited. Thereafter appellant appeared and on January 13, 1959, he was sentenced to two years on the conspiracy count and five years on the counterfeiting count, said sentences to run concurrently. At that time, upon motion of appellant's counsel, the forfeiture of bond theretofore ordered was set aside and the bond was exonerated.

Eight days later and on January 21, 1959, another indictment in Cause No. 27345–CD was returned against appellant in two counts, the first count charging a violation of Title 18, U.S.C. § 2312, the National Motor Vehicle Theft Act, and count two charging a violation of Title 18 U.S.C. § 3146, jumping bail. On February 9, 1959, appellant was arraigned and pled not guilty to each of the counts of this second indictment and the case was set for trial March 17, 1959. On March 16, 1959, appellant appeared with his counsel and withdrew his plea of not guilty to count two, the bail jumping charge, and entered a plea of guilty. The plea of guilty was accepted and the Court ordered a presentence investigation. On April 6, 1959, appellant appeared and was sentenced on the bail jumping charge to a term of five years, said sentence "to

commence upon expiration of service of sentence appellant is presently serving", and on that date, upon motion of the government, the NMVTA count of the indictment in Cause No. 27345–CD was dismissed. It is the sentence on the bail jumping count which appellant in the present proceeding seeks to have vacated and set aside.

■■ It is now well settled that § 2255, Title 18, U.S.C., is available only to attack a sentence under which a prisoner is in custody. Heflin v. U. S., 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Miller v. U. S., 9 Cir., 256 F.2d 501. No attack is made on the validity of the five year sentence and the two year sentence imposed on the counterfeiting counts on January 13, 1959, in Cause No. 26788–CD, and it is apparent that on February 6, 1961, at the time appellant filed his motion attacking the sentence on the bail jumping count in Cause No. 27345–CD, he had not yet commenced serving such sentence, but was still serving the five year and two year concurrent sentences on the counterfeiting charges. Therefore, under the cases above mentioned, the Court was without jurisdiction to entertain an attack on the bail jumping sentence under § 2255.

■ Nor did the Court have jurisdiction to entertain the attack upon that sentence by regarding the petition as one made under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A. While, in a proper case this may be done (see Heflin v. United States, supra, 358 U.S. at page 418, 79 S.Ct. 451, 3 L.Ed.2d 407), it cannot be done here because a rule 35 proceeding is for the correction of an illegal sentence imposed under a valid conviction. Smith v. United States, 9 Cir., 287 F.2d 270, 273. Here appellant attacks the validity of the conviction.

■ In our view, however, the circumstances of this case are such that the petition filed in the district court may be regarded as a motion in the nature of a writ of error coram nobis, enabling the trial court to properly exercise its discretion with regard to the setting aside of

the judgment and sentence. See United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248, and Lopez v. United States, 217 F.2d 526 (CA 9). We will so treat the petition and hence proceed to a consideration of the appeal on the merits.

■ The record before the court, on its face, presents a grave question involving substantial rights of the appellant. The offense of bail jumping under Title 18 U.S.C. § 3146 [1] involves two elements. First, the person charged must have incurred a forfeiture of his bail, and second, he must wilfully fail to surrender himself within 30 days following the date of such forfeiture.

Rule 46(f) of the Federal Rules of Criminal Procedure, dealing with forfeiture of bail, provides:

"(f) Forfeiture

"(1) Declaration. If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

"(2) Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

"(3) Enforcement. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses.

"(4) Remission. After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision."

As noted above, the record shows that when appellant failed to appear for sentencing in Cause No. 26788–CD, the counterfeiting case, a declaration of forfeiture of the bail was made by the court under Rule 46(f)(1) of the Federal Rules of Criminal Procedure. No proceedings for the enforcement of the forfeiture under Rule 46(f)(3) were ever had, and no judgment of forfeiture under that rule was ever entered. Thereafter when appellant appeared and received his sentence on the counterfeiting charges, the court, upon motion of appellant, and not upon motion of his sureties, set aside the forfeiture previously declared and exonerated the bond. No conditions were attached to the setting aside of the forfeiture. Eight days later appellant was indicted on the bail jumping charge.

On this record it is obvious that the first element of the offense of bail jumping, that is, that the appellant had incurred a forfeiture of his bail, is lacking and was lacking at the time of his indictment. Whether a defendant incurs a forfeiture of his bail within the meaning of the statute, Title 18 U.S.C. § 3146,

1. "§ 3146. Jumping bail

"Whoever, having been admitted to bail for appearance before any United States commissioner or court of the United States, incurs a forfeiture of the bail and willfully fails to surrender himself within thirty days following the date of such forfeiture, shall, if the bail was given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense, be fined not more

than $5,000 or imprisoned not more than five years, or both; or, if the bail was given in connection with a charge of committing a misdemeanor, or for appearance as a witness, be fined not more than $1,000 or imprisoned not more than one year, or both.

"Nothing in this section shall interfere with or prevent the exercise by any court of the United States of its power to punish for contempt."

by the simple declaration of forfeiture under Rule 46(f)(1), or whether there must be a judgment of default entered under Rule 46(f)(3) is not clear from a reading of the statute, nor does the legislative history of the Act found in the 1954 U. S. Code Cong. and Adm. News at p. 3074–3075 shed any light on the question. Other results following from the declaration of forfeiture, such as execution on the bail bond, must await the entry of the judgment, and certainly the more logical and orderly procedure would be to first obtain a judgment judicially determining that there had been a forfeiture before proceeding to charge a defendant under § 3146. But even assuming that appellant had incurred a forfeiture of his bail by the declaration of forfeiture made under Rule 46(f)(1), and that entry of a judgment was unnecessary, the forfeiture had been set aside by the court as the court was authorized to do by Rule 46(f)(2) prior to the time appellant was indicted, and his bail was exonerated. No appeal was taken from the order setting aside the forfeiture and exonerating the bail and that order has become final.

 To "set aside" is to annul, to make void. 2 Bouvier's Law Dict., Rawle's Third Revision, p. 3053; brandt v. Brandt, 40 Or. 477, 67 P. 508, 510; State ex rel. Graves v. Primm, 61 Mo. 166, 171; Lazoff v. Goodman, Sup., 138 N.Y.S.2d 684; 39 Words & Phrases, 5. When the forfeiture was set aside, it was annulled and made void, just as if it had never been.

The situation here is somewhat analogous to the situation under habitual criminal statutes where the punishment on a charge is enhanced on proof of a prior conviction. If the prior conviction is reversed, it cannot be used as an element of a charge of a second or subsequent offense. 25 Am.Jur. "Habitual Criminals", § 13, p. 266; 58 A.L.R. 47; 82 A.L.R. 360 and 116 A.L.R. 223. So here, if a forfeiture is set aside, it cannot be used as the foundation for a charge of bail jumping.

The government suggests that the provision made by Rule 46(f)(2) for the setting aside of a forfeiture is for the benefit of the sureties rather than the defendant-principal, citing U. S. v. Davis, 202 F.2d 621 (7 Cir.1953) and Smaldone v. U. S., 211 F.2d 161 (10 Cir.1954), and that appellant in this case should not have the benefit of the order setting aside the forfeiture. Rule 46(f)(4) provides for the remission, even after judgment, in whole or in part, of a forfeiture, and this provision would seem to provide adequate relief for innocent sureties, as distinguished from the defendant-principal on a bail bond. But over and above that, in this case, the order setting aside the forfeiture was made upon the motion, not of the sureties, but of the appellant himself, and the order was unconditional. Had the court not intended appellant to enjoy the benefits of the setting aside of the forfeiture, he was authorized by Rule 46(f)(2) to impose conditions, one of which could have been that his order operate only for the benefit of the sureties, and not appellant.

Reversed and remanded with directions to vacate the judgment of conviction of bail jumping in Cause *No. 27345–CD* and to dismiss the indictment.