**Benjamin W. COREY, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6046.**

United States Court of Appeals First Circuit.

Submitted Aug. 24, 1962.

Decided Sept. 18, 1962.

Russell Morton Brown, Washington, D. C., for appellant on memorandum.

W. Arthur Garrity, Jr., U. S. Atty., and Thomas P. O'Connor, Asst. U. S. Atty., for appellee on motion to dismiss and memorandum.

Before WOODBURY, Chief Judge, and HARTIGAN, Circuit Judge.

PER CURIAM.

This is a motion by the United States to dismiss, as untimely, defendant-appellant's appeal from a judgment of conviction entered by the United States District Court for the District of Massachusetts.

Defendant was convicted as charged in the indictment of seventy-five offenses of making and presenting for payment to a department of the United States—the Department of the Army—false, fictitious and fraudulent claims in violation of 18 U.S.C. § 287. The maximum penalty for each offense is five years imprisonment or a fine of $10,000 or both.

On April 9, 1962, the district court entered a judgment of conviction against

the defendant expressly noting that the judgment was entered pursuant to 18 U.S.C. § 4208(b). This statute empowers a court for a maximum period of six months to modify a defendant's sentence without being restricted to sixty days, as provided by Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C. Following the April 9 judgment, defendant was placed in the custody of the Attorney General and committed by him to the United States Penitentiary at Lewisburg, Pennsylvania.

Thereafter, on July 17, 1962, again pursuant to 18 U.S.C. § 4208(b), the district court entered an Order On Probation, suspending sentence and placing the defendant on probation for a term of two years.

Defendant took no appeal from the April 9 judgment but has appealed the Order On Probation entered July 17, 1962. The United States Attorney's position is that the judgment of April 9, 1962, under § 4208(b), was a final appealable judgment and that defendant's right of appeal has been lost by failure to give notice of appeal within ten days thereof.

The defendant contends that under the April 9 judgment "No sentence whatever was pronounced. No punishment was imposed, * * *." However, the district court expressly noted that it was acting under the provisions of Title 18 U.S.C. § 4208(b). Under this section the statute clearly states that the term of "commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law." Consequently, at this point the defendant was on notice as to the extent of his punishment. If he desired to appeal, this was the time that he should have acted. While it is true that defendant could reasonably assume that the judge would modify this maximum sentence, the judge was assuredly under no duty to do so. See United States v. Behrens, 190 F. Supp. 799 (D.C.S.D., Ind.1961).

An order will be entered docketing the case and granting the motion to dismiss defendant's appeal.