## UNITED STATES *v.* BEHRENS.

No. 86.   Argued October 17, 1963.—Decided December 9, 1963.

*Louis F. Claiborne* argued the cause for the United States.   On the brief were *Solicitor General Cox, Assistant Attorney General Miller, Ralph S. Spritzer, Beatrice Rosenberg* and *Theodore George Gilinsky.*

*Aribert L. Young* argued the cause and filed a brief for respondent.

*Leon B. Polsky* filed a brief for the Legal Aid Society, as *amicus curiae,* urging affirmance.

Mr. Justice Black delivered the opinion of the Court.

Respondent was convicted in a United States District Court of an assault with intent to murder, an offense

punishable under 18 U. S. C. § 113 (a) "by imprisonment for not more than twenty years." Desiring more detailed information as a basis for determining the sentence to be imposed, the trial judge decided to proceed "under the flexible provisions of [§] 4208" of 18 U. S. C. Accordingly, he committed respondent to the custody of the Attorney General to await a study by the Director of the Bureau of Prisons of respondent's previous delinquency, criminal experience, social background, etc. His order provided that after the results of the study and the Director's recommendations were reported to the court, respondent's commitment, deemed to be for 20 years, would "be subject to modification in accordance with Title 18 U. S. C. 4208 (b)." [1]

After the Director's report was received, the trial court entered an order providing "that the period of imprisonment heretofore imposed be reduced to Five (5) years" and that the Board of Parole might decide when the respondent should be eligible for parole. Neither respondent nor his counsel was present when this modification of

---

[1] 18 U. S. C. § 4208 (b) provides:

"If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

the court's previous commitment under § 4208 (b) was entered. No direct appeal was taken, but respondent moved to vacate sentence under 28 U. S. C. § 2255. The trial court denied relief, but the Court of Appeals reversed and remanded with directions to vacate the sentence on the ground that it was error for the district judge to impose the final sentence under § 4208 (b) in the absence of petitioner and his counsel.[2] In another case, *Corey* v. *United States*, 307 F. 2d 839, the Court of Appeals for the First Circuit held that it was the original commitment under § 4208 (b), not the fixing of the final sentence, which marked the point from which time to appeal began running. Because of the disagreement between the two appellate courts' interpretation of § 4208 (b) and the general confusion in District Courts and Courts of Appeals as to this section's exact meaning and effect, we granted certiorari in both cases.[3]

In asking that we grant certiorari in the present case, the Solicitor General conceded that if the action of the District Court in fixing the final term of imprisonment under § 4208 (b) was a final judgment for the purposes of appeal, then the defendant would plainly be entitled to have himself and his counsel present when the final action was taken. We have decided today, for reasons set out in our opinion in the *Corey* case, *post,* p. 169, that the action of a District Court finally determining under § 4208 (b) the sentence to be imposed upon a defendant is a final, appealable order. For those reasons as well as those set out below, we hold that the District Court erred in the present case when, modifying its original oral § 4208 (b) order, it fixed the final sentence in the absence of respondent and his counsel. It is plain that as far as the sentence is concerned the original order entered

---

[2] 312 F. 2d 223.

[3] 371 U. S. 966; 373 U. S. 902.

under § 4208 (b) is wholly tentative. That section merely provides that commitment of a defendant to the custody of the Attorney General "shall be deemed to be for the maximum sentence," but does not make that the final sentence. The whole point of using § 4208 (b) is, in its own language, to get "more detailed information as a basis for determining the sentence *to be imposed* . . . ." (Emphasis supplied.) It is only after the Director of the Bureau of Prisons makes his report that the court makes its final decision as to what the sentence will be. Rule 43 of the Federal Rules of Criminal Procedure specifically requires that the defendant be present "at every stage of the trial including . . . the imposition of sentence . . . ." It is true that the same rule provides that a defendant's presence is not required when his sentence is reduced under Rule 35. But a reduction of sentence under Rule 35 is quite different from the final determination under § 4208 (b) of what a sentence is to be. Rule 35 refers to the power of a court to reduce a sentence which has already become final in every respect. There is no such finality of sentence at a § 4208 (b) preliminary commitment. The use of § 4208 (b) *postpones* action as to the final sentence; by using that section the court decides to await studies and reports of a defendant's background, mental and physical health, etc., to assist the judge in making up his mind as to what the final sentence shall be. It is only then that the judge's final words are spoken and the defendant's punishment is fixed. It is then that the right of the defendant to be afforded an opportunity to make a statement to the judge in his own behalf is of most importance. This right, ancient in the law, is recognized by Rule 32 (a) of the Federal Criminal Rules, which requires the court to "afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." This right would be largely lost in the § 4208 proceeding if for ad-

ministrative convenience the defendant were not permitted to invoke it when the sentence that counts is pronounced.[4] We hold that it was error to impose this sentence in the absence of respondent and his counsel.

*Affirmed.*

MR. JUSTICE HARLAN, concurring in the result.

I agree with the result reached in this case, but not with all of the reasoning of my Brother BLACK's opinion. More particularly, disagreeing as I do with the rationale of the *Corey* decision, *post*, p. 169, I draw no support from it for the conclusion here reached.

The language of § 4208 (b) is not explicit on the question whether a defendant must be allowed to be present when the District Court imposes final sentence.[1] It is,

---

[4] It is true that the House Committee on the Judiciary in reporting favorably on a proposed section identical to § 4208 (b) indicated that it saw no necessity for a defendant being present when final action on his sentence was taken. H. R. Rep. No. 1946, 85th Cong., 2d Sess., p. 10. This section failed of passage in the House but an identical one was added by the Senate and adopted without discussion of the point in the Senate committee and conference reports. See S. Rep. No. 2013, 85th Cong., 2d Sess.; H. R. Rep. No. 2579, 85th Cong., 2d Sess. No language supporting this position appeared in the Senate bill or in the Act itself. We are not inclined to expand the language of the section, and thereby make necessary a constitutional decision, by reading the silence of the Act as depriving a defendant of a right to urge upon the court reasons for leniency at the time when the judge at last has the relevant materials for decision before him.

[1] Section 4208 (b) provides:

"If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not

however, clear that the statute does not contemplate that the district judge will have deliberated and decided upon an appropriate sentence at the time of the original commitment. As the first words of § 4208 (b) make plain, the procedures outlined therein are called into play "if the court desires more detailed information as a basis for determining the sentence to be imposed . . . ." Although the statute refers later to "the sentence of imprisonment originally imposed," this is quite plainly intended merely to permit the district judge to impose as a final sentence the "maximum sentence of imprisonment prescribed by law" under which the defendant is "deemed to be" committed. The *Corey* case well illustrates the absurdity of any other conclusion; there the defendant was originally deemed to be committed for a term of 375 years on a conviction of making false claims against the Government. See *post,* p. 171.

Once it is clear that a defendant is not actually sentenced until after the § 4208 (b) inquiry during commitment is completed, the requirements of criminal justice, always subject to this Court's supervisory power over the federal courts, leave no doubt of his right to be present when a final determination of sentence is made. The elementary right of a defendant to be present at the imposition of sentence and to speak in his own behalf, which is embodied in Rule 32 (a) of the Federal Rules of Criminal Procedure, is not satisfied by allowing him to be present and speak at a prior stage of the proceedings which re-

---

to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

sults in the deferment of the actual sentence.  Even if he has spoken earlier, a defendant has no assurance that when the time comes for final sentence the district judge will remember the defendant's words in his absence and give them due weight.  Moreover, only at the final sentencing can the defendant respond to a definitive decision of the judge.

Whether or not the Constitution would permit any other procedure it is not now necessary to decide.  Congress not having spoken clearly to the contrary,[2] I concur in the judgment of the Court.

---

[2] A bill now pending in Congress provides that the defendant's presence is not required at final sentencing but the defendant may be present in the discretion of the court.  S. 1956, 88th Cong., 1st Sess.

Neither the legislative history set out in the opinion of the majority, *ante*, p. 166, note 4, nor the pending proposal seems to me sufficient indication of congressional intent to require disregard of the important right involved in this case, particularly in light of the possible constitutional issues which would be raised.