Robert E. McCAFFREY, Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 22806.

United States Court of Appeals Fifth Circuit.

Dec. 9, 1965.

Certiorari Denied Feb. 28, 1966.

See 86 S.Ct. 937.

Robert E. McCaffrey, pro se.

F. D. Hand, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before BROWN, WISDOM and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge.

This is an appeal from an order by Judge Frank A. Hooper of the Northern District of Georgia, denying appellant's petition for habeas corpus. Appellant's contention is that he has completed service of a sentence he ultimately received in the United States District Court for the Southern District of Florida and is entitled to release. We do not think so.

Chronologically, the events leading up to this Court's present consideration of appellant's case are as follows:

June 1, 1962—Appellant entered his plea of guilty to the offense of transporting forged securities in interstate commerce, in violation of 18 U.S.C. § 2314, and was sentenced by Judge Choate of the U. S. District Court for the Southern District of Florida to be committed to the custody of the Attorney General under the provisions of 18 U.S.C. § 4208(b) for study before the final imposition of sentence. (Appellant was present for the imposition of this sentence.)

October 31, 1962—The district court sentenced appellant in his absence to a term of three years under 18 U.S.C. § 4208(b)(2). The order imposing this sentence specified that the sentence would run from June 1, 1962, the date of the original sentence.

January 2, 1964—This Court, in a per curiam opinion (McCaffrey v. United States, 325 F.2d 767), affirmed the denial by the district court of a § 2255 motion filed by appellant, attacking the sentence of October 31, 1962, on the ground that it was imposed in appellant's absence.

January 10, 1964—Appellant was released on parole from the U. S. Penitentiary, Atlanta, Ga., to remain under supervision until May 31, 1965.

June 5, 1964—This Court recalled its per curiam opinion of January 2, 1964, in view of the holding by the U. S. Supreme Court in United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963), and entered another per curiam opinion (McCaffrey v. United States, 332 F.2d 619), as follows:

"In this case there was a preliminary commitment of the defendant under 18 U.S.C.A. § 4208(b). The defendant was absent when final sentence was fixed. Under Behrens such final sentence cannot be fixed in the absence of the defendant. The judgment of the lower court is reversed and the cause is remanded for proceedings consistent with this opinion."

September 8, 1964—On the basis of a warrant application, alleging that appellant had violated his parole on or about August 15, 1964, a parole violator warrant was issued by a member of the U. S. Board of Parole, directing that appellant be taken into custody.

September 18, 1964—Appellant was arrested by the U. S. Marshal, Philadelphia,

Pa. Subsequently, the U. S. District Court for the Eastern District of Pennsylvania, upon consideration of appellant's petition for writ of habeas corpus, entered an order on October 13, 1964, fixing bond in the sum of $500.00, conditioned on his appearance before the United States District Court for the Southern District of Florida within 30 days from November 2, 1964, "or at such time as that Court shall otherwise order." As a result, appellant made bond within a few days thereafter.

December 3, 1964—Judge Choate, Judge of the U. S. District Court for the Southern District of Florida, entered an order in accordance with the last mandate of this Court (June 5, 1964) vacating and setting aside the sentence imposed on appellant on October 31, 1962 and directing appellant to appear for final sentencing on December 11, 1964.

February 8, 1965—The District Judge sentenced appellant, who was present, to imprisonment for a period of three (3) years, pursuant to 18 U.S.C. § 4208(b)(2) and further ordered, under the provisions of this section, "That this sentence shall run from the date of the original sentence, June 1, 1962."

March 3, 1965—The U. S. Board of Parole revoked appellant's parole.

March 9, 1965—Appellant filed his petition for writ of habeas corpus in the U. S. District Court for the Northern District of Georgia, alleging that since the sentence of February 8, 1965 was made effective June 1, 1962, his sentence had therefore expired by continuing to run after January 10, 1964, the date he was released on parole. On the same date, Judge Hooper issued an order to show cause why this petition should not be granted, and on April 5, 1965 Judge Hooper entered an order denying appellant's petition for writ of habeas corpus, from which appellant now appeals.

Appellant takes the position that when the mandate of this Court, holding that the sentence imposed in his absence was improper, was filed with the Clerk of the U. S. District Court for the Southern District of Florida on June 29, 1964, its effect was to make the appellant's original sentence void and thus the jurisdiction of the U. S. Board of Parole over appellant ended; therefore, appellant could not thereafter be a parole violator.

In effect, he contends that since his new three-year sentence, imposed in his presence on February 5, 1965, was to run from June 1, 1962 (the date of the original sentence), he is entitled to release in that the time he spent in "custody," plus statutory good time, is more than three years. In other words, appellant asserts that on his new three-year sentence, he is entitled to the following "credits":

| | | |
|---|---|---|
| 1. Time in prison from June 1, 1962 to January 10, 1964 | 588 days | |
| 2. Time on parole from January 11, 1964 to June 29, 1964 | 170 days | |
| 3. Time in Court custody before the District Judge acted as a result of this Courts' opinion, June 29, 1964 to December 3, 1964 | 79 days | |
| 4. Time in jail on parole violator warrant | 32 days | |
| 5. Time in prison, February 5, 1965 to present | 270 days (app.) | |
| 6. Statutory good time | 252 days | |
| 7. Meritorious good time | 19 days | |

If appellant's contention is correct, the effect of his re-sentencing was to erase the action of the parole board in declaring him to be a parole violator and revok-

ing his parole, with the resulting consequence of loss of earned time for good behavior and the time he was on parole.

While there does not appear to be a case exactly in point, the recent case of United States v. Walker, 346 F.2d 428 (4th Cir. 1965) is similar. In Walker, sentence was imposed on the defendant on October 31, 1962, after the defendant had been placed in the custody of the Attorney General for study under 18 U.S.C. § 4208(b). The sentence was three years, with six months to serve (retroactive to the time of original commitment to the Attorney General), and the remaining two and one-half years suspended under conditions of probation. After his release on probation, the defendant violated the terms thereof, and he was committed for the remainder of his sentence. In April, 1964, relying on United States v. Behrens, supra, the defendant requested that he be returned for resentencing because the sentence of October 31, 1962 had been imposed in his absence. On June 15, 1964, with the defendant present, both the original three-year sentence and the commitment for probation violation were vacated; imposition of any sentence whatever was suspended, and defendant was placed on probation for five years. Thereafter, on October 2, 1964, for violation of this probation, the suspension was terminated and a sentence of five years imprisonment was imposed. Walker appealed the five-year sentence.

In Walker, the Court held that since Walker's original sentence was for only three years, "no orders entered after October 31, 1962 could enlarge Walker's detention beyond a total of 3 years," and reversed and remanded the case.

In its opinion, the Court made the following statements:

> "The 3-year sentence was not a nullity, for the Court indisputably had jurisdiction to pass it and it was within the authorized limits of punishment. Murphy v. Com. of Massachusetts, 177 U.S. 155, 159, 20 S.Ct. 639, 44 L.Ed. 711 (1900)." (346 F.2d Page 430)

\* \* \* \* \* \*

> "Of course, the imposition of the sentence reo absente was deficient in due process procedurally. The defect gave ample ground at defendant's instance for reversal or vitiation of the judgment of sentence—but not the conviction—by appeal or on habeas corpus. Nevertheless until adjudged invalid, to repeat, the sentence stood, subsistent and altogether effective." (Page 430)

\* \* \* \* \* \*

> "As the vacatur of the October 31, 1962 sentence—3 years—is not sustainable, the probationary judgment of June 15, 1964 was ineffective and the order committing Walker for a period of 5 years on October 2, 1964 must be set aside. Walker may be held only to answer for the term computable under the October 31, 1962 judgment *as enforced by the revocation order of April 23, 1963.*" (This was the date on which Walker's first probation was revoked. Emphasis ours.)

In Walker, although the probation violation occurred *prior* to any judicial declaration of invalidity of the sentence, the Court held that Walker was beholden to answer for the term computable under the original judgment in which he was sentenced, as enforced by the revocation order of his probation.

In the instant case, the appellant had every right, under Behrens, supra, to ask that the sentence imposed in his absence be set aside and that a new sentence be imposed in his presence. But when he came in and asked that it be set aside, the district judge imposed the same three-year sentence, to begin June 1, 1962, the date of the original sentence. Appellant asserts that he is to suffer none of the penalties imposed for violating the parole he received while serving the sentence which was ultimately set aside. The appellant was under an obligation to observe the conditions of his parole until May 31, 1965, or until he was re-sentenced by the district court. For the violation of the conditions of the

parole, he was subject to penalty, as provided by law.

The mandate of this Court to the district court did not set aside appellant's conviction nor deprive the attorney general of custody of appellant. It directed the district court to proceed "consistent with this opinion," which was to say to resentence the appellant in his presence.

Merely because this Court had held that the district court had improperly sentenced him in his absence (under Behrens, supra), appellant was not entitled to violate the conditions of his parole. He is not entitled to the doctrine of self help. Mullican v. United States, 252 F.2d 398, 70 A.L.R.2d 1217 (5th Cir. 1958).[1] Having been committed by the district court to the custody of the attorney general, appellant was required to fulfill the conditions of that commitment until finally released, either by service of his sentence or by appropriate order of the court.

Appellant must serve the sentence which was imposed on February 8, 1965 and which was ordered to run from June 1, 1962, subject to the revocation of his parole by the U. S. Board of Parole on March 3, 1965. He is entitled to credit for the time he served from June 1, 1962 until he was released on parole on January 10, 1964, and for that time which he served from September 18, 1964 until October 19, 1964, when he was taken in custody after arrest as a parole violator and before he was released on bond. As has been stated, appellant must suffer loss of good time earned before he was released on parole. See Moorehead v. Hunter, 198 F.2d 52,

54 (10th Cir. 1952), where the Court held:

"The violations of the terms of a conditional parole bring into being a new offense for which, upon being found guilty in a proper proceeding, one may be punished. This is a new punishment not a part of the original punishment and consists of a forfeiture of good time."

■ Appellant also contends that in ordering appellant released on bond, Judge C. William Kraft of the U. S. District Court for the Eastern District of Pennsylvania held that the U. S. Parole Board had lost jurisdiction over him. The record does not sustain this contention. Judge Kraft entered an order on October 9, 1964, fixing bond for appellant in the sum of $25,000, pending his re-sentencing before the U. S. District Court for the Southern District of Florida. On October 13, 1964, Judge Kraft amended his order of October 9 and fixed appellant's bond at $500.00. Neither of these orders purports to reach the merits of appellant's habeas corpus petition; the orders merely allowed appellant the privilege of being released on bond pending his re-sentencing.

It appears from the record and the files that the delay encountered in sentencing appellant after this Court held his sentence of October 31, 1962 illegal was caused by the failure of the appellant to report, as provided in the order of Judge Kraft releasing him on bond and as provided in the order of Judge Choate entered pursuant to the mandate of this Court, directing appellant "to appear for final sentencing on December 11, 1964."

Affirmed.

---

1. Mullican held that in prosecuting an escaped convict under the Federal Escape Act, 18 U.S.C. § 751, the fact that the sentence being served at the time of the escape was invalid is no defense. See also Matthews v. United States, 290 F.2d 198 (9th Cir. 1961). The reasoning in Mullican and Matthews has some appeal in the instant case, especially in light of the language in several opinions that a parole violator occupies a position analogous to that of an escaped convict. See Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923); Schiffman v. Wilkinson, 216 F.2d 589 (9th Cir. 1954), cert. den. 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719.