Edward William **BOLDUC**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22916.

United States Court of Appeals Fifth Circuit.

July 18, 1966.

Edward A. Kaufman, Asst. U. S. Atty., Miami, Fla., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

The petitioner in this section 2255 [1] proceeding, Edward William Bolduc, was convicted March 8, 1963, on a plea of guilty for violation of the federal bank robbery statute, 18 U.S.C. §§ 2113(a), (d). March 29, 1963 the district court committed Bolduc to the custody of the Attorney General under 18 U.S.C. § 4208 for a complete study and report to aid the court in imposing a final sentence. The Attorney General furnished his report to the court within the three month period allowed him by section 4208(b). June 27, 1963 the court imposed on Bolduc a final sentence of eight years to run from the date of his section 4208 commitment. Bolduc was not present at this sentencing and received notice of it only through the mail. April 7, 1964 Bolduc petitioned the court under section 2255 to vacate his sentence in light of United States v. Behrens, December 9, 1963, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224, in which the Court held that it was error to impose a final sentence in the absence of the defendant and his counsel following a commitment under section 4208. April 17, 1964 the district court resentenced Bolduc, again for eight years, to satisfy the requirements of the Behrens case.

Bolduc submitted the section 2255 petition in this action January 6, 1965. He alleges that his post-Behrens sentence was void because it did not come within the three month period provided in section 4208. Bolduc would have the court vacate the underlying judgment as well as the new sentence imposed upon him. The district court found his petition without merit and denied a hearing.

The petitioner's only argument is that his statutory and constitutional rights were violated by the court's failure to impose final sentence within three months of his commitment for study under section 4208. He relies on the requirement in section 4208(b) [2] that "the results of such study * * * be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study." The petitioner has misread the statute. The proper construction was recently stated by the Tenth Circuit in virtually the same circumstances:

"The only time limitation in the statute pertains to the furnishing of the report. No provision requires the court to act within a certain time after receiving the report. In our opinion action by the court must be within a reasonable time because undue delay would unfairly deprive the defendant of knowledge of the sentence which he

1. 28 U.S.C. § 2255.

2. *18 U.S.C. § 4208. Fixing eligibility for parole at time of sentencing.*

* * * * *

(b) If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the dis-

position of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section.

* * * * *

must serve. The question of reasonableness must be determined on the facts of each case." [3]

We hold that the district court did act within a reasonable time in the circumstances of this case. The petitioner alleges no other infirmities in his sentence or judgment.

The judgment is affirmed.

---

3. Jack v. United States, 10 Cir. 1965, 341 F.2d 273, 275. *Compare* Fed.R.Crim.P. Rule 32(a) ("Sentence shall be imposed without unreasonable delay") *with* Rule 35 ("The court may correct an illegal sentence at any time"). Cf. Bankey v. Sanford, N.D.Ga.1947, 74 F.Supp. 756, aff'd per curiam, 5 Cir., 165 F.2d 788, cert. denied, 1948, 333 U.S. 847, 68 S.Ct. 649, 92 L.Ed. 1130. Under these circum-

stances in any event, "the underlying judgment of conviction is not affected by the infirmity of the sentencing procedure * * *." Behrens v. United States, 7 Cir. 1962, 312 F.2d 223, 227, aff'd, 1963, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224.