**Robert J. MANNING, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9071.**

United States Court of Appeals Tenth Circuit.

Jan. 19, 1967.

George P. Jones, III, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., Albuquerque, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

This is an appeal from an order denying appellant Manning's motion for relief under 28 U.S.C. § 2255. The basic question presented is whether the sentence entered on a plea of guilty is void because the court did not require a mental examination, as authorized by 18 U.S.C. § 4244, prior to accepting Manning's plea of guilty.

Manning was indicted in the United States District Court for the District of New Mexico for the interstate transportation of a motor vehicle, knowing it to have been stolen, in violation of 18 U.S.C. § 2312. Competent counsel was appointed to represent him prior to the entry of his plea. The court's questioning prior to the acceptance of a plea of guilty developed that Manning, at various times during his 26 years of confinement in penal institutions, had been observed for mental instability, including epilepsy. When advised that the court could require a medical determination of his mental condition, Manning insisted that he was "mentally competent in all ways"; that he knew "exactly what is going on"; but, although he knew it was wrong, he did have an "irresistible desire or compulsion to steal". His attorney recognized that Manning was a "very intelligent person", and he knew "what is going on." No motion was made by Manning, or anyone else, for a psychiatric examination. The court, having

knowledge of the former psychiatric examinations, explored the matter further upon sentencing. Again Manning maintained that he was competent and strenuously resisted any suggestion that he be examined, as contemplated under Section 4244.

Manning does not now allege or contend that he was insane or mentally incompetent when the plea of guilty was accepted, or when sentence was pronounced. It is argued that the court, having some information indicating possible mental difficulties, could not enter a valid judgment and sentence without a judicial determination of his mental capacity, that therefore the judgment and sentence is invalid and Manning is entitled to immediate release without any further proceedings relating to his mental competency.

■ The purpose of Section 4244 is to provide a procedure in federal courts for a judicial determination of the mental competence of an accused prior to trial. Hereden v. United States, 10 Cir., 286 F.2d 526. If the United States Attorney has reasonable cause to believe that an accused is presently insane or so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense, he may file a motion for a determination of such mental competency of the accused. A similar motion may be made on behalf of the accused, or the court, on its own motion may require such a determination. But the statute requires such an examination only when it is shown that there is reasonable cause to believe that an accused may be presently insane or otherwise mentally incompetent. United States v. Wilkins, 6 Cir., 334 F.2d 698; Behrens v. United States, 7 Cir., 312 F.2d 223, aff'd 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224; Shelton v. United States, 5 Cir., 205 F.2d 806. See, also, Trest v. United States, 122 U.S.App.D.C. 11, 350 F.2d 794, cert. denied 382 U.S. 1018, 86 S.Ct. 634, 15 L.Ed.2d 532.

■ Although there was some evidence that psychiatric examinations had been made, and that Manning had been

treated for epilepsy, there is no evidence of any kind that he was ever declared insane or incompetent, and he does not now contend that he was insane or in any way incompetent to enter a plea of guilty or to be sentenced.

Affirmed.