**UNITED STATES, Plaintiff,**

v.

**James YORK, Defendant.**

**Crim. A. No. W–CR–946.**

United States District Court
D. Kansas.

March 25, 1968.

Guy L. Goodwin, Asst. Atty., Dist. of Kansas, Newell George, U. S. Dist. Atty., Wichita, Kan., for plaintiff.

Calvin McMillan, Wichita, Kan., for defendant.

## MEMORANDUM DENYING MOTION

WESLEY E. BROWN, District Judge.

This is a motion by JAMES YORK, a/k/a Mozell Litkins and Mozell Wilson, to set aside a forfeiture of the personal recognizance of movant, ordered by this court on October 17, 1967.

On May 2, 1967, movant appeared before this court as a defendant in the captioned case, and entered a plea of not guilty to a ten-count indictment charging nine violations of 18 U.S.C. § 2314, involving interstate transportation of false, forged, or altered money orders, and one conspiracy offense, in violation of 18 U.S.C. § 371. He was released on his personal recognizance. On August 15, 1967, he again appeared before the court and entered pleas of guilty to counts one, two and ten of that indictment. He was again released on the same recognizance. The remaining counts were subsequently dismissed. On September 6, 1967, he appeared and was sentenced in the following language:

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the maximum term provided by law under the counts that he pled guilty to, which is twenty-five years, the maximum fixed by statute and for a study as prescribed, in 18 U.S.C. § 4208(c), the results of such study to be furnished this Court within three months unless the Court grants fruther [sic] time not to exceed three months whereupon·the sentence of imprisonment herein imposed shall be subject to modification in accordance with 18 U.S.C. 4208(b)."

Movant's attorney then moved that York be permitted to remain free on his recognizance until the United States Marshal was prepared to transport him to an institution for study and examination. The government attorney observed that he did not then know York's address or where he was living. York responded that he was staying at 1825 11th Street in Wichita, and would be there when the Marshal wanted him. The court then granted the motion, and continued the recognizance in effect.

On October 17, 1967, the government moved for forfeiture of the recognizance stating that the defendant had been notified to appear at the office of the Marshal and had failed to do so. The Court ordered forfeiture, and directed apprehension of the defendant.

York has since returned, or been returned, to custody. The circumstances under which he did so are in dispute, and even the facts in conflict are not clear. Counsel for movant states that he remained in the city at all times, that he was merely unaware that he had been ordered to report, and that when so advised by a local police officer, he did appear before the Marshal. We cannot and need not resolve this dispute on this motion. On January 18, 1968, an information was filed charging York with bail-jumping, in violation of 18 U.S.C. § 3150, that being in Case No. W–CR–946.

This motion was filed in W–CR–857. It appears, however, to be an attack upon the criminal charge for bail-jumping, in W–CR–946. In Migdol v. United States, 298 F.2d 513, 91 A.L.R.2d 1283 (9th Cir. 1961), the court held that where a forfeiture of bail had been set aside prior to defendant's indictment for bail-jumping under 18 U.S.C. § 3146, then the applicable statute, a conviction based on that forfeiture could not stand. If that case were deemed controlling, the instant case is factually distinguishable, in that here the information was filed while the forfeiture was outstanding. However, we think the better view is stated in Franco v. United States, 119 U.S.App.

D.C. 339, 342 F.2d 918. (1965), where declining to follow Migdol, the court stated that "the consideration of justice governing the setting aside of the forfeiture is wholly unrelated to the propriety of punishing the bailed defendant for bail-jumping." 342 F.2d at 920.

In support of the motion to set aside the forfeiture, movant argues first that the court was without jurisdiction to release York following conviction and sentence on his recognizance, asserting that Rule 46, F.R.Cr.P., provides for bail after conviction and sentencing only pending appeal or certiorari, and that absent express authority to admit a sentenced defendant to bail absent appeal or certiorari, the court acted without jurisdiction, and a forfeiture based upon nonappearance following such release is void.

There is scant authority on the question of the inherent power of a federal court to admit persons to bail absent express statutory authority. The question is treated at length, however, in United States ex rel. Carapa v. Curran, 297 F. 946, 36 A.L.R. 877 (2nd Cir. 1924), where the court concluded that a federal court lacked inherent power to admit persons to bail, and that its authority to do so must be expressly granted. See also Bongiovanni v. Ward, 50 F.Supp. 3 (D. Mass.1943).

Rule 32(a), F.R.Cr.P., provides that "[p]ending sentence the court may commit the defendant or continue or alter the bail." The court ordered the movant-defendant committed to the custody of the Attorney General under 18 U.S.C. § 4208(b), which provides in part as follows:

"If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. * * * After receiving such reports and recommendations, the court may

in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

The period of study has not yet expired. On February 8, 1968, upon application of the Bureau of Prisons, the court extended the period of study and observation to April 28, 1968.

The nature of an original commitment order entered under 18 U.S.C. § 4208(b) is somewhat ambiguous. The statute was discussed in United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed. 2d 224 (1963), and Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963). Although the original order is "wholly tentative," *Behren,* supra, it is "freighted with sufficiently substantial indicia of finality to support an appeal," *Corey,* supra. In United States v. Behren, supra, holding that it is error to impose final sentence at the end of the study and observation period in the absence of the defendant and his counsel, the Court stated that the use of § 4208(b) postpones action as to final sentence through use of the study period to obtain further information in determining what that sentence should be.

■ In our opinion, following the order of commitment on September 6, 1967, the movant was "pending sentence" within the meaning of Rule 32, under which the court could order movant's personal recognizance to continue in effect, with movant at liberty thereon, until the earliest time when the United States Marshal, as representative of the Attorney General, could transport movant to the appropriate institution for study and observation.

Movant argues secondly that he was both principal and surety, and that as such he was entitled to notice at his last known address, which was not given. As a factual matter, it appeared from counsel's own statement of the facts that such notice was given. He asserted that movant reported regularly over a one and one-half month period to his attorney in W–CR–857, Mr. George Grist, that at some point during this period on a Friday, the Marshal called Mr. Grist, directing him that York be ready to go on the following Monday, that Mr. Grist went to his last known address, and was unable to find movant.

Rule 46(f) (1) makes forfeiture of a bond mandatory upon a breach thereof. Nowhere do we find that notice to either defendant or surety is a precondition. In Western Surety Co. v. United States, 51 F.2d 470 (9th Cir. 1931), the court spoke thus:

"It is not a prerequisite to the forfeiture of a bail bond that the defendant be notified or that, in the courtroom, he be called to answer. It is his duty to follow the proceedings and to be in court when his presence is required. * * * Likewise, it is not necessary that notice be given the surety to produce the body of the defendant in court." 51 F.2d at 472. [Citations omitted.]

■ Rule 46(f) (2) permits the court to set aside a forfeiture if it appears that justice does not require the enforcement thereof. Movant was free on his personal recognizance and no monetary security is involved. When a defendant is released by this court on bond or recognizance, the court expects and requires compliance therewith. Movant has stated nothing to the court to merit setting aside the forfeiture.

We note that with no monetary security involved, the question would seem academic, perhaps, but for the effect a vacation of the forfeiture might be thought to have on the pending criminal information charging movant with bail-jumping.

In oral argument on the instant motion, counsel for movant urged that assuming movant's non-appearance, it did not come within the statute upon which

the information is based, 18 U.S.C. § 3150, on the ground that said statute applies only to persons released under 18 U.S.C. §§ 3141–3149, and that it did not embrace persons having been ordered committed under 18 U.S.C. § 4208(b) who were awaiting final sentence. As to this question, we follow the view expressed in Franco v. United States, 119 U.S.App.D.C. 339, 342 F.2d 918 (1965). This argument is directed at the criminal prosecution and observations thereon in this Memorandum would be mere dicta. We upheld the court's jurisdiction to order forfeiture on the court's authority to admit movant to bail under Rule 32, F.R. Cr.P., on the ground that petitioner was awaiting sentence. Movant's argument requires a construction of 18 U.S.C. § 3148, which brings under § 3150 a person "who has been convicted of an offense *and is either awaiting sentence or* has filed an appeal or a petition for a writ of certiorari * * *." [Emphasis supplied.] This question is not before us on the instant motion.

The motion to set aside forfeiture of the personal recognizance of James York is denied.

The United States Attorney shall prepare and submit an appropriate order consistent herewith.