ERVIN, Judge
(dissenting) :
The return admits that in In re Baker, supra, this Court reduced petitioner’s sentence to life imprisonment and remanded his case to the Circuit Court of Escambia County for the purpose of further reconsideration of sentence according to Rule 3.-780, provided petitioner timely filed a motion for mitigation of sentence. The record before us reflects that petitioner timely filed such a motion for mitigation of sentence on November 29, 1972, within ninety days of the filing date of Baker on September 26, 1972, and that petitioner stands convicted of the crime of rape committed prior to January 1, 1972, thus clearly bringing him within the class of persons entitled to a hearing pursuant to Baker. This raises a conflict between the permissive language of Baker and the mandatory language of the Rule. In Baker we provided that in such circumstances “the Court may conduct a hearing under Rule 3.780.” (Emphasis supplied.) The Rule, which applies when the Court has discretion as to the sentence to be imposed, provides, however, that “it shall, upon the suggestion of either party” hear evidence thereon in open court. (Emphasis supplied.) The record shows the requisite discretion of the court as to petitioner’s penalty and petitioner’s motion for mitigation hearing are both present herein, thereby invoking the mandatory language of the Rule entitling petitioner to the hearing sought. The additional permissive language of the Rule as to inquiry on the court’s own motion is applicable only where no request is made by either party and is inapplicable to the facts sub judice.
The common law rule is universal that a person found guilty by the trier of fact is entitled as an indispensable necessity to an allocutionary hearing before the judge prior to sentencing. See IS Am.Jur. Criminal Law, § 457, page 114, and United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (5th head note). Denial of such a hearing because of the imprecise language of Baker would appear to be fundamental error. The rule, which carries forward the rule of law of England and later in the United States, appears to follow the traditional and ancient guaranteed right of a defendant. Baker does not.
Thus, I would hold that, unless waived, petitioner is entitled to a resentencing hearing in his presence and with counsel. The facts that petitioner has already been resentenced to life imprisonment without a hearing in his presence and without counsel and did not allege mitigating circumstances in his petition do not, in my opinion, constitute a waiver nor abridge his right to a hearing in accord with Baker, at which such circumstances should be raised.
I would issue the peremptory writ accordingly.