[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13818
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2010
JOHN LEY
ACTING CLERK

D. C. Docket Nos. 09-21072-CV-AJ,
07-20128-CR-AJ

PAUL AYUSO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2010)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Paul Ayuso, a federal prisoner proceeding *pro se*, appeals from the district court's denial of his motion to correct his sentence under 28 U.S.C. § 2255. On appeal, Ayuso argues that the district court erred in denying relief because, at sentencing, the court erred in finding that he was not eligible for the safety-valve provision set forth in U.S.S.G. § 5C1.2. Specifically, Ayuso asserts that the court erred in determining that a previous state offense, for which the state court withheld adjudication after Ayuso pled *nolo contendere*, warranted a criminal history point under U.S.S.G. §§ 4A1.1 and 4A1.2. Ayuso contends that, if the district court had not erroneously found that this offense warranted a criminal history point, he would have been eligible for a lower sentence under the safety-valve provision. For the reasons set forth below, we affirm.

**I.**

Ayuso, sentenced to 60 months' imprisonment following his September 2007 conviction for possession with intent to distribute one hundred or more marijuana plants, filed the present motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, Ayuso, represented by counsel, requested that the court correct his sentence because his 2001 state conviction for petty larceny was vacated after he had been sentenced in the present case. He argued that this vacated conviction no longer warranted a criminal history point under the

2

Sentencing Guidelines, causing him to become eligible for a lower sentence under the safety-valve provision set forth in U.S.S.G. § 5C1.2. Ayuso explained that, after we affirmed his sentence on direct appeal, he filed a motion to vacate his petty larceny conviction, to which he had originally entered a guilty plea. The state court granted his motion, and allowed Ayuso to plead *nolo contendere* to the petty larceny charge. The state court withheld adjudication in the case and suspended the entry of a sentence. Thus, Ayuso contended, the disposition of this criminal charge no longer warranted a criminal history point, and he should be resentenced in light of the fact that he was now eligible for the safety-valve provision.

Ayuso supported his § 2255 motion with exhibits. These exhibits included state court documents, which reflected that the state court had granted Ayuso's motion to vacate his 2001 petty larceny conviction. The exhibits also reflected that the state court had withheld adjudication of the offense after Ayuso entered a plea of *nolo contendere*.

The government responded, generally arguing that Ayuso's § 2255 motion should be denied because, even though the state court had withheld its adjudication of the offense, his petty larceny charge still warranted a criminal history point under the Guidelines.

The district court denied Ayuso's motion, agreeing with the government that

3

Ayuso still was not eligible for the safety-valve provision because, even after the recent state court proceedings, Ayuso's petty larceny charge still warranted a criminal history point. The court did not discuss the issue of whether Ayuso's sentencing claim was cognizable in a § 2255 proceeding.

Ayuso, proceeding *pro se*, subsequently filed a notice of appeal. The district court construed his notice of appeal as a motion for a certificate of appealability ("COA"). The district court granted Ayuso's motion for a COA, certifying the following question for appellate review: "Whether [Ayuos's] nolo contendere plea to the Florida misdemeanor petty theft charge should be scored as a criminal history point."

## II.

Even though the parties do not raise the issue of whether Ayuso's sentencing claim is cognizable under § 2255, and the district court did not discuss this issue, we consider, as a threshold concern, whether Ayuso's sentencing claim is cognizable in a § 2255 proceeding. *See Hunter v. United States*, 559 F.3d 1188, 1190-91 (11th Cir. 2009) (holding that, even though the prisoner likely was erroneously sentenced as an armed career criminal under the Sentencing Guidelines, his claim did not warrant a COA because a sentencing error, standing alone, generally is not cognizable under § 2255); *see also Burke v. United States*,

152 F.3d 1329, 1331 (11th Cir. 1998) (holding that, "as a threshold inquiry," this Court would consider whether the prisoner's sentencing claim was cognizable under § 2255).

In order to appeal the denial of his § 2255 motion, a prisoner must first obtain a COA. 28 U.S.C. § 2253(c)(1). In order to obtain a COA, a prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000). Appellate review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Procedural issues that must be resolved before we can address the underlying issue specified in the COA are presumed to be encompassed in the COA. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (holding that we could consider whether the prisoner's claim was procedurally barred, even though this issue was not specified in the COA, because the district court failed to consider this issue, and the issue had to be addressed before we could reach the merits of the prisoner's underlying claim). We do not scrutinize a COA for non-jurisdictional errors. *See Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004).

Unless the claimed error involves a lack of jurisdiction or a constitutional

violation, § 2255 relief is limited. *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). An error that is not jurisdictional or constitutional will form the basis for § 2255 relief only where "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 185, 99 S.Ct. at 2240. A non-constitutional error that results in a miscarriage of justice "should present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) (quotation omitted). Errors that seriously undermine the validity of criminal proceedings have been held to constitute a miscarriage of justice. *See, e.g., Davis v. United States*, 417 U.S. 333, 346-47, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974) (holding that a prisoner's claim that he was convicted for a legal act was cognizable under § 2255); *United States v. Behrens*, 375 U.S. 162, 164-66, 84 S.Ct. 295, 296-97, 11 L.Ed.2d 224 (1963) (holding that prisoner was entitled to relief under § 2255 where his sentence was imposed outside of the prisoner's or counsel's presence).

Under the Sentencing Guidelines, U.S.S.G. §§ 4A1.1 and 4A1.2 generally govern the number of criminal history points assessed for a defendant's previous crimes. *See generally* U.S.S.G. §§ 4A1.1, 4A1.2. Under § 4A1.1(c), one criminal history point should be assessed for a "prior sentence" that was not otherwise

6

counted under another provision. U.S.S.G. § 4A1.1(c). Section 4A1.2(a) defines

the term "prior sentence" as "any sentence previously imposed upon adjudication

of guilt, whether by guilty plea, trial, or plea of *nolo contendere*." U.S.S.G.

§ 4A1.2(a). Pursuant to § 4A1.2(f):

> Diversion from the judicial process without a finding of guilt (*e.g.*, deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered.

U.S.S.G. § 4A1.2(f). We have held, on direct appeal, that even if a charge does not

constitute a "prior sentence" under § 4A1.2(a) because the state court withheld

adjudication, the offense still warrants a criminal history point as a diversionary

disposition under § 4A1.2(f) if the defendant pled *nolo contendere* to the charge.

*United States v. Rockman*, 993 F.2d 811, 813-14 (11th Cir. 1993).

### III.

Here, Ayuso's sentencing claim is not cognizable under § 2255 because it is

not a constitutional error and does not rise to the level of a miscarriage of justice.

In his pleadings below and in his brief on appeal, Ayuso does not indicate that the

alleged miscalculation of his criminal points implicates a constitutional error. In

addition, Ayuso's sentencing claim is distinguishable from those errors that have

been held to constitute a miscarriage of justice, as these errors implicated a

7

fundamental defect in the validity of the district court proceedings.  Moreover,

Ayuso's claim that the district court erred in assessing a criminal history point for

his state court petty larceny conviction lacks merit under U.S.S.G. § 4A1.2(f) and

our holding in *Rockman*.  Accordingly, because Ayuso's claim is not constitutional

and does not rise to the level of a miscarriage of justice, his claim is not cognizable

under § 2255, and we affirm on this basis.

**AFFIRMED.**